## SIGAFUS v. PORTER et al.

### (Circuit Court of Appeals, Second Circuit. February 18, 1898.)

### No. 10.

1. CERTIFICATION OF QUESTIONS TO SUPREME COURT.
   Under section 6 of the act of March 3, 1891, the practice of certification is intended to be availed of only when the certifying court is in doubt about the specific question or questions certified, and not as an allowance of appeal, whereby questions about which no doubt is entertained may nevertheless be passed up for decision.

2. SAME—STATEMENT OF FACTS.
   Under rule 37 of the supreme court, providing that certificates "shall contain a proper statement of the facts on which such question or proposition of law arises," it is the fundamental facts that are to be stated, and not the evidential facts from which the fundamental facts are found.

In Error to the Circuit Court of the United States for the Southern District of New York.

Motion to amend certificate of questions to the supreme court.

Niles & Johnson, for plaintiff in error.

Stickney, Spencer & Ordway, for defendants in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

PER CURIAM. Either counsel in this case or this court is greatly mistaken as to the functions of a certificate under section 6 of the act of March 3, 1891. The certificate, as it is now framed, presents in an alternative form the single question what, under the facts stated, was the measure of damages recoverable? If it be amended as prayed for, a multitude of other questions will be introduced; not, indeed, as questions separately certified, but as questions which will have to be decided by the supreme court before the certified questions can be answered. It is believed by this court that the practice of certification is intended to be availed of only when the certifying court is in doubt about the specific question or questions certified, and that it ought not to be availed of as an "allowance of appeal" whereby questions about which the certifying court had no difficulty in making up its mind may nevertheless be passed over to the supreme court for its decision. Such a practice might prove very convenient for the circuit courts of appeal, but we are inclined to doubt whether it would commend itself equally to the supreme court. Now, in the cause at bar this court, by reason of an apparent conflict of authorities,—disclosed by a somewhat exhaustive examination of text-books and decisions,—was, and still is, honestly in doubt as to what, upon the facts stated, is to be taken as the measure of damages in causes tried in the federal courts. It desired the instruction of the supreme court for its proper decision of that vexed question, and the act of 1891 provides the method for obtaining such instructions. But as to none of the other questions arising on the 32 assignments of error did this court find any difficulty in reaching a conclusion, as must be manifest from the opinion filed, which disposes of each assignment seriatim, and states

with more or less brevity the reasons for such decision in each case. It is quite possible that in disposing of one or more of these assignments this court may have committed error; indeed, it may be wrong as to each and every one of them; but it is thought that the proper practice for the correction of such errors is by certiorari, and not by certificate.

Plaintiff in error asks to have the certificate amended by incorporating certain parts of the evidence which he has selected. Defendants in error insist that this selection is unfair, and ask that further quotations, to be selected by themselves, be added. It is quite apparent that no "selection" from the testimony would satisfy both parties; and neither the court below, nor the jury, nor this court passed on any such "selection," but on the body of proof. The foundation of the motion is the clause in rule 37 of the supreme court which provides that certificates "shall contain a proper statement of the facts on which such question or proposition of law arises." But the very phraseology of this clause indicates that it is the fundamental facts that are to be stated, not the evidential facts from which the fundamental facts are found. When the evidential facts are included as part of the problem submitted, it ceases to be a question of pure law, and becomes a "question of mixed law and fact," such as involves questions of judgment by the court upon the weight or effect of testimony, or facts adduced in the case. And it is certainly settled by authority that certification is not to be availed of to propound to the supreme court any such "question of mixed law and fact." Jewell v. Knight, 123 U. S. 426, 8 Sup. Ct. 193. We find no fundamental fact in the proposed amendment not already included in our statement; only evidential facts from which plaintiff in error may make some contention that the jury and this court erred in finding one or more of the fundamental facts against plaintiff in error, or that the verdict was excessive. For these reasons the motion is denied.