### PRESSED STEEL CAR CO. v. UNION PAC. R. CO.

(Circuit Court of Appeals, Second Circuit.   January 25, 1924.)

#### No. 50.

1. Contracts ⚮143—Construed according to words used; "interpretation."

The meaning of a contract is to be primarily derived from the words used by the parties, however ill suited or badly chosen they may seem to judicial or other critics, as "interpretation" means the process of applying to the words or symbols used the ordinary legal standard, to determine their sense.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interpretation.]

2. Patents ⚮216—License held to give right of action for damages when licensor not permitted to bid on work.

Under a contract granting a license to use patented devices in the construction of freight cars for a royalty of $10 a car, and providing that the licensor should be given the preferential right to build freight cars for the licensee at $10 a car in excess of the price bid by other car builders, failure of the licensee to give the licensor the opportunity of bidding when it was ready, able, and willing to do it, and would have made a profit by doing it, gave it a right of action for damages.

3. Contracts ⚮170(1)—Rule as to construction by acts and declarations of parties stated.

Interpretation may be given to a contract by the acts and declarations of the parties, done or made while the agreement is in process of fulfillment and before any differences have arisen between them; but such

---

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rule of construction must be subordinated to the primary rule of compelling parties to live up to what they have chosen to write.

4. **Appeal and error ⬛1008(1)—Circuit Court of Appeals bound by trial court's findings of fact.**

The Circuit Court of Appeals is bound as to the facts by the findings of the District Court.

5. **Courts ⬛384—Circuit Court of Appeals will not certify to Supreme Court question as to which it is not in doubt.**

The Circuit Court of Appeals will not certify to the Supreme Court a question as to which it is not in doubt.

In Error to the District Court of the United States for the Southern District of New York.

Action by the Pressed Steel Car Company against the Union Pacific Railroad Company. To review the judgment rendered, both parties bring error. Affirmed.

Both plaintiff and defendant are here complaining of the result of a second trial of this case held pursuant to our opinion reported in 270 Fed. 518. For the contract out of which this action arose, and for most of the facts, reference may be had to the report just cited.

At the second trial plaintiff's contention on the facts proven was that it was entitled to damages (as distinct from royalties), in respect of (1) 200 gondola cars; (2) 700 work cars; and (3) 400 automobile cars. In respect of the gondola cars, the District Court held that plaintiff was not entitled to damages as claimed under its second cause of action (270 Fed. at page 521), but was entitled to royalties thereon under its first cause of action. As to the work cars, the court held that plaintiff was entitled to damages as demanded. As to the automobile cars, the court held the fact to be that the design or plan of these cars was not finally chosen, and the cars were not in any part constructed, until after expiration of plaintiff's patent, wherefore plaintiff was denied all recovery in respect to this item.

By its writ plaintiff complains that it was denied all recovery in respect to the automobile cars and given only royalties on the gondola cars. Defendant by its writ complains that damages were awarded plaintiff on the work cars.

Kiddle & Margeson, of New York City (Alfred W. Kiddle and Wylie C. Margeson, of New York City, of counsel), for plaintiff.

Henry W. Clark, of New York City (George Adams Ellis, James R. Sheffield, and Joseph F. Hunter, all of New York City, of counsel), for defendant.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The substance of plaintiff's contention is that all the cars above referred to furnish items of damage properly assignable to its second cause of action. 270 Fed. 522. This court held, when the case was here before, that the contract meant that, when defendant wanted cars embodying plaintiff's patented devices, or any of them, plaintiff was entitled to bid, and to bid in a way that was not "good business," viz. to take the work if it was wanted, at the lowest bid made plus 10 per cent. But we did not hold that, if plaintiff had an opportunity to bid and refused or neglected to do anything in the premises, it could then wait until the work was done by others, and sue for damages wrought by its not doing what it had had opportunity to do, but had refused.

⬛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1, 2] The contract is not easy of interpretation, which means the process of applying to the words or symbols used the ordinary legal standard, to determine their sense. Williston, Cont. § 602. It is not easy, because ordinary business sense hesitates to accept, as the meaning of the parties, what some of the words and phrases signify according to the rules of grammatical construction. So much was intimated by Ward, J., in writing our opinion in 270 Fed. 518. But, since the meaning of any contract is to be primarily derived from the words used by the parties, however ill suited or badly chosen they may seem to judicial or other critics, we adhere to our previous ruling that when no opportunity of bidding was given plaintiff by defendant, a cause of action arose for damages, if and when plaintiff showed it was ready, able, and willing to do the work; further, that damnum was added to the injuria when, and if, plaintiff proved that it would have made profit by doing said work. In respect of the 700 work cars, plaintiff showed below that it was entitled to recover in accordance with the above ruling, and no error is perceived in respect of the judgment in this regard.

[3] But there is a secondary rule (Williston, Cont. § 623) that interpretation may be given to a contract by the acts and/or declarations of the parties, done or made while the agreement is in process of fulfillment, and before any differences have arisen between them, to which "mutual interpretation" (as Dean Wigmore has called it) courts strongly and properly incline to give effect. There is room for applying this secondary (and always secondary) method to the situation presented by the 200 gondola cars, and we think it overwhelmingly proven that, as found below, the mutual interpretation given by the parties to this contract was that, when plaintiff had an opportunity to bid and did not avail itself of the same, both parties assumed and in effect agreed that plaintiff was to get royalties and nothing else.

This rule of mutual understanding must always be carefully subordinated to the primary rule of compelling parties to live up to what they have chosen to write, and is not to be confounded with attempts to vary a contract by parol, and this may be accomplished by stressing the mutuality of the interpretation acted on by the contractors. It is nothing against this rule that sometimes the result is a finding equivalent to holding that the parties made a new contract, or modified the pre-existing one. Williston, supra. See, also, on the propriety of adopting the practical interpretation of parties, Sanders v. Munson, 74 Fed. 649, 20 C. C. A. 581; Lowry v. Hawaii, 206 U. S. 206, 223, 27 Sup. Ct. 622, 51 L. Ed. 1026; Nelson v. Ohio, etc., Co., 188 Fed. 620, 112 C. C. A. 394; Guaranty Co. v. Koehler, 195 Fed. 679, 115 C. C. A. 475; and the citations in Williston, § 623. No error was made in ruling as to the 200 gondola cars.

[4] As to the automobile cars, the finding below was as recited in our statement of facts. The facts as found bind us, and on them we see no reason to elaborate our decision as made in 270 Fed. at page 525, viz. that on "cars built after the expiration of the patent" relied on no royalties accrued. As for damages, the plaintiff had an opportunity to bid, and refused or neglected so to do; and therefore the ruling as to gondola cars applies.

[5] Finally, we decline to certify to the Supreme Court the question as to the admissibility of prior art in patent license cases. The opinion of this court on that subject has been often recorded, we treated of it in our previous decision, and, whatever may be the ultimate ruling in the highest court, we are "not in doubt about the specific question." *Sigafus v. Porter*, 85 Fed. 689, 29 C. C. A. 391.

Judgment affirmed, without costs.