J. B. WATHEN, III, Kentucky Air Transport, Inc., Appellant,

v.

Lloyd G. SCHLEICHER, Appellee.

Court of Appeals of Kentucky.

May 17, 1974.

Rocco J. Celebrezze, Goldberg & Lloyd, Louisville, for appellant.

Elmer Morgan, Louisville, for appellee.

CATINNA, Commissioner.

In September of 1959 Lloyd G. Schleicher entered into a contract with J. B. Wathen, III, owner of Kentucky Air Transport,

Inc. By this contract Schleicher agreed to provide architectural services in the construction of an air facility at Bowman Field in Louisville. After Schleicher completed the preliminary studies, the Jefferson County Air Board denied approval of this construction, and the project was abandoned.

The pertinent provisions of the contract are as follows:

"4. Extra Services and Special Cases. —If the Architect is caused extra drafting or other expense due to changes ordered by the Owner, or due to the delinquency or insolvency of the Owner or Contractor, or as a result of damage by fire, he shall be equitably paid for such extra expense and the service involved.

Work let on any cost-plus basis shall be the subject of a special charge in accord with the special service required.

If any work designed or specified by the Architect is abandoned or suspended, in whole or in part, the Architect is to be paid for the service rendered on account of it.

5. Payments.—Payments to the Architect on account of his fee shall be made as follows, subject to the provisions of Article 4:

Upon completion of the preliminary studies, a sum equal to 25% of the basic rate computed upon a reasonable estimated cost."

The estimated cost of the proposed facility was $1,034,488. Six percent of this was the architectural fee or $62,069.28. Under Provision 5 of the contract, Schleicher would be due 25% of this amount or $15,517.32, after completion of the preliminary studies. After abandonment of the project, Schleicher sent a statement to Wathen for $15,517.32. Wathen refused to pay, contending that the contract was ambiguous and that under Provision 4 the architect was to be paid only for actual services rendered because the project was abandoned.

After negotiations, Schleicher sent a letter to Wathen agreeing to accept the amount of $2,809.38 for actual services rendered. Wathen paid Schleicher $1,123.-75 but refused further payment by way of compliance with the oral negotiations. Schleicher instituted this action with a resultant jury award of $14,393.57.

Wathen claims that the trial court committed error in refusing to allow the introduction of certain letters. He contends that these letters indicated intentions of the parties in construing an ambiguous contract and were, therefore, admissible under the doctrine of contemporaneous construction of contracts. The trial court ruled them to be inadmissible as they were settlement negotiations. In order for the doctrine of contemporaneous construction to be utilized, the contract first has to be ambiguous. Norton Iron Works v. Standard Slag Company, C.C.A. 6, 13 F.2d 622 (1926); Burchett v. Jones, Ky., 291 S.W. 2d 32 (1956); Dennis v. Watson, Ky., 264 S.W.2d 858 (1954).

This court holds that the contract was not ambiguous insofar as the amount due the architect is concerned; thus, we do not reach the question of contemporaneous construction.

The judgment is affirmed.

All concur.