CASE 25—INDICTMENT—APRIL 16.

# Commonwealth v. Helback.

APPEAL FROM HANCOCK CIRCUIT COURT.

1. INTOXICATING LIQUORS—SUFFICIENCY OF INDICTMENT.—An indictment for the offense of unlawfully selling vinous liquors without a license, which charges "that the defendant did on the —— day of —— 1896, and within twelve months last past, in said

county of Hancock, unlawfully sell vinous liquors without a license so to do by selling wine to William Overby to be drunk on the premises of the defendant, which wine was so drunk on defendant's premises with his knowledge and consent," is sufficient and a demurrer to it was properly overruled. And the charge therein that the wine was sold to be drunk, and was drunk on the premises, while unnecessary, was not prejudicial to the defendant.

2. LICENSE TO RETAIL—BY WHOM IT MAY BE GRANTED—EVIDENCE.— Under the provisions of the charter of cities of the fifth class, the municipal authorities have the exclusive right. to grant license to retail spirituous liquors in such cities. And the license issued by the county court does not protect one who sells by retail in such city unless he also has license from the city authorities. And upon the trial of this case it was error to permit the defendant to offer in evidence his license granted by the county court, unless he also showed he had a license from the city authorities.

3. COUNTY COURT—WHEN MAY GRANT LICENSE.—To obtain license to retail from the county court in towns having authority to grant retail license, it is not necessary to make an application at the regular term of the county court, but it may be made and the license granted at a called term.

W.. S. TAYLOR AND E. C. VANCE FOR APPELLANT.

1. The indictment was drawn under section 1304, of the Kentucky Statutes, and the court erred in refusing to give the instruction that if the sale was made by the defendant to be drunk on the premises, and it was so drunk on the premises, then the license was no protection to him.· Commonwealth v. Bartholomew, 33 S. W. Rept., 84.

2. But the license relied upon by the defendant was issued at a special term of the county court, and was therefore, unauthorized. Ky. Stat., sec. 1058; Trimble v. Commonwealth, 78 Ky., 176; Heilman v. Commonwealth, 84 Ky., 157; Cook v. Commonwealth, 10 Ky. Law Rept., 222.

D. R. MURRAY AND MURRAY & DUNCAN FOR APPELLEE.

1. The indictment was not direct and certain as to the offense charged, and the demurrer to it should have been sustained under the provisions of sec. 124, Criminal Code. We are unable to determine from the indictment whether defendant is sought

to be punished under section 1324, of the Kentucky Statutes, or under sec. 4201, or 4224. Commonwealth v. Yupeman, 30 S. W. Rept., 661; Schwearman v. Commonwealth, 99 Ky., 296.

2. But it may be argued that no license from the city of Hawesville was produced by the defendant, but it is sufficient answer to this to say that the indictment was not drawn upon the idea that the defendant was guilty because he sold without a license from the city authorities.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

The appellee, N. Helback, was, at the July term, 1896, of the Hancock Circuit Court, indicted by the grand jury. The indictment accuses him of the offense of unlawfully selling vinous liquors without a license so to do. The indictment charges as follows: "That the defendant did on —— day of ——, 1896, and within twelve months last past in said county of Hancock, unlawfully sell vinous liquors, without a license to do so, by selling wine to Wm. Overby, to be drunk on the premises of the defendent, which wine was so drunk on defendant's premises with his knowledge and consent that it was to be so drunk when he made the sale." The defendant demurred to the last clause of the indictment and the court overruled the demurrer and defendant excepted. We are of the opinion that the indictment is sufficient, and the court properly overruled the demurrer. The averments in the indictment that the wine was sold to be drunk and was drunk on the premises were unnecessary, but were not prejudicial to defendant. The indictment set forth clearly the offense with which defendant was charged, that of selling vinous liquors without a license so to do. The evidence shows that defendant sold wine to Wm. Overby at his butchershop or residence in the town of Hawesville, in Hancock county, and within twelve months

before the finding of the indictment, which wine was then and there drunk by Overby and another in the presence and on defendant's premises, and without his objection. The defendant relied for his defense on a license issued by the county court of Hancock county, issued to him at a special or called term of the Hancock County Court on the 7th day of April, 1896. The license issued by the county court was offered to be read to the jury in evidence, the Commonwealth objected and the court overruled his objection and permitted the paper to be read to the jury and the Commonwealth's attorney excepted. By this license the defendant was, by the payment of $25, licensed to sell wine at his place of business on Main Cross street, Hawesville, Ky., in quantities not less than one quart, etc., from the 7th day of April, 1896, to the 7th day of April, 1897, and the question is, does the license issued by the county court protect defendant in the sale of vinous liquors? Hawesville is a town of the fifth class, and, by the charter of towns of that class, the municipal authorities of the town have the exclusive authority to grant retail license to sell spirituous liquors within the corporation, and a license issued by the county court does not protect defendant, unless he also has license from the town authorities. There was no proof offered by defendant showing that he had procured license from the town of Hawesville. If defendant had procured license from the town of Hawesville then his license from the county court would have been a complete protection to him in this prosecution, but, having failed to show he had obtained a license from the town of Hawesville, the court should have rejected the paper offered as evidence. To obtain the license to retail

from the county court in towns having the authority to grant retail license it is not necessary to make the application at a regular term of the county court, but it may be made and granted at a called term—not so where the licenses are granted to parties outside the towns having authority to grant license—then the application must be made after notice at a regular term of the county court.

The judgment of the circuit court is reversed, with directions to set the verdict and judgment aside and for a retrial of the prosecution.