Gaddie v. Commonwealth.

CASE 53—INDICTMENT AGAINST ED. GADDIE FOR HOUSEBREAKING WITH INTENT TO STEAL.—JAN. 29.

# Gaddie v. Commonwealth.

APPEAL FROM HARDIN CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS.  REVERSED.

HOUSEBREAKING—REMOVING WINDOW STRIP.

Held:   1. One may not be convicted of breaking a warehouse, though he removes a window strip, where his action does not, without additional effort, make entry possible.

G. K. HALBERT, ATTORNEY FOR APPELLANT.

We contend there was no "breaking" in this case in the meaning of the law.  The evidence shows that one outside window strip had been burst loose from the bottom and was hanging from the top, and that the window remained unmoved in its place.

The statutes neither define nor qualify the word "breaking," and, being taken from the common law it must therefore be construed in the light of the common law.  This word acquired a definite and fixed meaning under the common law.  It was used and defined in the law of burglary.  We lay the proposition that there is no difference between a breaking in a statutory offense, and a breaking in burglary.  There are other elements of difference between the crimes, but the breaking is the same.  As this word, therefore, has obtained a definite meaning at common law, the Legislature must be presumed to have used it in the same sense when applied to statutory breakings.

A breaking at common law is defined to be "any disrupting or separating of material substances in any enclosing part of a dwelling house, whereby the entry of a person, arm, or any physical thing, capable of working a felony might be accomplished."

Gaddie v. Commonwealth.

CLASSIFICATION OF AUTHORITIES.

1. In this case there was no "breaking" in the meaning of the law.   (1) Robertson on Kentucky Criminal Law and Procedure, vol. 1, sec. 318, same, sec. 303; (2) Bishop's New Criminal Law, vol. 2, sec. 118; same, sec. 91; (3) Nichols v. State, 32 N. W. Rep., (Wis.), 546.

2. There was a material variance between the allegations and the proof.   (1) Am. & Eng. Ency. of Law, vol. 10, pp. 557-8-9; (2) Clark's Criminal Procedure, pp. 178, 183, 326-7-8-9; (3) L. & N. R. R. Co. v. Com., 13 R., p. 925; (4) Clark v. Com., 16 B. Mon., p. 206.

N. B. HAYS, ATTORNEY GENERAL, AND LORAINE MIX, FOR THE COM-MONWEALTH.

We contend that in order to show the meaning of the word "breaking," it is not pertinent to cite burglary cases wherein particular definitions or decisions were given.

Such breaking as would permit of the entrance of "some physical thing," is part of the meaning of the word, but the meaning extends much further and includes cases wherein no such opening was made.

The lifting cf the latch of the door, the picking of a lock, or opening with a key, and the displacement or unloosening any *fastening* the owner has provided as a security to the house, is a breaking within the meaning of the term as employed in the definition of burglary at common law.

It is not necessary under the wording of the statute to break *into* or to *enter*..

Where the strips were torn from the window and the window left in such condition that it could be readily lifted out, we submit would constitute a breaking.

CITATIONS.

Walker v. State, 52 Ala., 376; A. & E. Ency. of Law, top pp. 661 and 558; Rose v. Com., 19 R., 272; Abbott's Trial Brief, 565; Oliver v. Com., 5 Bush, 376; Gregory v. Com., 2 Dana, 417.

OPINION OF THE COURT BY JUDGE BARKER—REVERSING.

Appellant was indicted, charged with the offense of unlawfully breaking a warehouse belonging to Leischardt &

Murdock, in Vine Grove, Hardin county, Ky., with intent
to steal therefrom. A trial resulted in a verdict of con-
viction, and a sentence of the defendant to three years in the
penitentiary, of which he is now complaining. The bill of
exceptions consists of the following agreement of facts:
"It is agreed that the evidence herein showed that the act
done was committed in Vine Grove, Hardin county, Ken-
tucky, upon the storehouse of Leischardt & Murdock; that
one outside window strip, which fixed and held the window
firmly in place, had been pried open from the bottom, and
some of the nails drawn out of it, by the defendant, Ed
Gaddie, and the strip left hanging loose from the top; that
the window remained unmoved in its place, but was left un-
protected on one side, so it could have been easily lifted out,
but there was no opening made to the interior of the build-
ing. It is further agreed that the evidence showed that the
said act was done with intent that stealing should be com-
mitted therefrom."

No entry could have been made into the warehouse after
the window strip was loosened. Undoubtedly appellant began
to break into the house, but he did not finish the attempt.
The term "breaking" as used in the statute has a well-known
and definite meaning at common law, with reference to
the offense of burglary; and, in order to constitute it, the
action of the defendant must have been such as would,
without additional effort, have made an entry possible The
term is used in the statute in its common law sense. Robert-
son, in his work on Kentucky Criminal Law & Procedure,
section 302, after defining burglary at common law, says:
"As we shall hereafter see, the statutes of this State provide
against breaking into dwelling houses and other buildings,
whether in the night or day, and the foregoing statement

as to breaking, entry, etc., applies equally to these statutory cases." In section 303 he says: " 'Breaking,' as used in this connection, implies force, but the slightest force is sufficient. Thus the lifting of a latch, or the turning of a knob in opening a door, the picking of a lock, or opening with a key, or pushing open a closed door, though it is neither latched, bolted, nor locked, the hoisting of a window, the removal or breaking of a pane of glass, or unloosening any other fastening of a door or window which the owner has provided for securing the house from an actual breaking. . . . But any breaking which enables the defendant to take the property out through the breach with his hands is sufficient breaking, if the intent was felonious. On the other hand, there is no breaking where the entering is through an open door or window, or other aperture, or even pushing further open a door partly open, or raising a window partly raised; and it is held that merely breaking the blinds is not sufficient to warrant conviction, when there has been no entry beyond the sash of the window." Bishop, in his new work on Criminal Law, section 91, says: "A breaking, in the law of burglary, is any disrupting or separating of material substances in any inclosing part of a dwelling house, whereby the entry of a person, arm, or any physical thing capable of working a felony therein may be accomplished." Subsection 2 of section 95: "If there are inside shutters, it is enough to pass in the hand for the unaccomplished purpose of opening one of them, but the breaking of an outside shutter is not sufficient while the place remains unbroken." Greenleaf, in his work on Evidence (16th Ed.) volume 3, section 76, thus states the rule: "The breaking of the house may be actual, by the application of physical force; or constructive, where an entrance is obtained by fraud, threats, or conspiracy. An actual breaking may be

by lifting a latch; making a hole in the wall; descending the chimney; picking, turning back, or opening the lock with a false key or other instrument; removing or breaking a pane of glass, and inserting the hand, or even a finger, pulling up or down an unfastened sash; removing the fastening of a window by inserting the hand through a broken pane; pushing open a window which moved on hinges and was fastened by a wedge; breaking and opening an inner door after having entered through an open door or window; or other like acts. . . . The breaking must also be into some apartment of the house, and not into a cupboard, press, locker, or the like receptacle, notwithstanding these, as between the heir and executor, are regarded as fixtures."

In the case of State v. McCall, 39 Am. Dec., 314, it appears that the accused had broken open the outside shutters of a window, but had proceeded no further, leaving the window still intact. The court said: "It can not be that the common security of the dwelling house is violated by breaking one of the shutters of a door or window which has several. True, it weakens the security which the mansion is supposed to afford, and renders the breach more easy. But as additional force will be necessary before an entry can be effected, there can, under such circumstances, be no burglary committed. Suppose the shutters of a door, made by placing planks upon each other until it is two or three double if the thickness of one of the planks be removed by one intending to commit a burglary, and an entry thus far made, can it be said that the offense was completed? What, in point of principle, is the difference between such a case and one where there are several shutters, an inch or two arpart from each other? In neither case can such an entry be made as will enable the aggressor to commit a felony.

. . . To constitute burglary, an entry must be made into the house with the hand, foot, or instrument with which it is intended to commit a felony.    In the présent case there was nothing but a breach of the blinds, and no entry beyond the sash window.    The threshold of the window had not been passed, so as to have enabled the defendant to consummate a felonious intention; and, according to the principle we have laid down, the charge to the jury was erroneous."

The case of Rose v. Commonwealth (19 R., 272) 40 S. W., 245, cited by the Attorney General, has no application to the case at bar.    There the accused received a prop· which constituted the fastening of a door; thus opening the door, and leaving nothing further to be done, in order to effect an entrance.    In the case at bar, in order to make in entrance into the warehouse, it was necessary to remove the window by additional force.    The effort on the part of the accused to break the warehouse in question was incomplete, and constituted no more than a trespass.

At the close of the Commonwealth's testimony, a peremptory instruction should have been given the jury to find the accused not guilty.

The judgment is reversed for proceedings consistent herewith.