CASE 82.—PROSECUTION AGAINST PRESTON PRICE AND LESLIE NALL FOR BREAKING AND ENTERING A RAILROAD CAR.—October 9.

## Price, &c., v. Commonwealth

Appeal from Daviess Circuit Court.

T. F. BIRKHEAD, Circuit Judge.

Defendants convicted and appeal—Reversed.

1. Burglary—Statutes—Construction.—Ky. Stats. 1903, section 1163, punishing any person forcibly breaking and entering into any railroad car with intent to steal, etc., does not authorize a conviction for the breaking of a car with intent to steal, but the prosecution must show an entry for that purpose, though an entry, however slight, such as putting the hand through an opening with intent to steal, is sufficient, but proof that accused cut the seal on the car door and slid it back a little, and then pushed the door back in place and walked away, is insufficient.

Price, &c., v. Commonwealth.

2. Indictment and Information—Included Offenses—Statutes.—
Under Crim. Code Prac., section 264, providing that, where
an indictment charges an offense to have been committed
with particular circumstances as to time, place, or intent,
the offense without the circumstances or with part only is
included, the court on the trial for a violation of Ky. Stats.
1903, section 1163, punishing the forcibly breaking and enter-
ing a railroad car with intent to steal, on evidence that
accused cut the seal on the car door, slid it back a little,
then pushed the door back in place, and walked away, should
instruct the jury on trespass as defined in section 1256.

JAMES BREATHITT, Attorney General, and TOM B. Mc-
GREGOR, for Commonwealth.

It appears to us that the breaking into the car, with the intent
to steal, is the gist of the offense.  That it does not have to be
followed up in order to make it a crime, by the other offense
of entering the car.  It seems to us thatt he act is complete
with the breaking, and if appellants contention is true that
there was a total absence of the slightest entry it does in no
way alleviate the offense.  (Ky. Stats., sec. 1163; Darter v.
Comth., 9 Ky. Law Rep., 277; Cunningham v. Comth., 11 Ky.
Law Rep., 783; Roberson's Criminal Law, sec. 317.)

LA VEGA CLEMENTS, WATKINS & BIRKHEAD and PEYTON
WHITTINGHILL for appellants.

(No brief in the record for appellants.)

OPINION OF THE COURT BY JUDGE NUNN—Revers-
ing.

Appellants were indicted, convicted, and sentenced
to serve two years in the penitentiary for the violation
of section 1163 of the Kentucky Statutes of 1903,
which is as follows: "Any person who shall forcibly
break and enter into any railroad depot, car factory,
station house, railroad car, or express car, with in-
tent to kill or rob any person therein, or to steal
property, money, or anything of value therefrom,

shall be deemed guilty of felony, and punished by confinement in the penitentiary not less than two nor more than ten years." From the evidence of the Commonwealth it is reasonably certain that appellants broke the seal of the car with the intention of entering and stealing some whisky therefrom; but it is not intimated that they or either of them entered the car. The statements of the witnesses for the Commonwealth upon this point were to the effect that they saw appellants break or cut the seal on the car door and slide it back a little, when they heard a train coming and pushed the door back in place, walked away 15 or 20 feet, and then were arrested. The statute is: "Any person who shall forcibly break and .enter into any railroad depot," etc., "with the intention to steal property," etc., "therefrom." The statute does not authorize a conviction for the breaking of the car with the intent to steal therefrom, but there must also be an entering of the car for that purpose. However, we do not construe the statute as meaning that there should be an entering of the whole body into the car, but an entry into the car, however slight, such as putting the hand through the opening with the intent to steal property, etc., therefrom, would be an entry in the meaning of the statute; but the evidence for the Commonwealth fails to show the slightest entry of the car.

The Attorney General cites the cases of Darter v. Commonwealth, 5 S. W. 48, 9 Ky. Law Rep. 277, and Cunningham v. Commonwealth, 13 S. W. 104, 11 Ky. Law Rep. 783, as sustaining the action of the lower court. The question under consideration in the case at bar was not considered in the cases referred to. There are some careless expressions in those opinions that seem to sustain appellee's contention.

In the Darter Case the indictment failed to allege the place where the car was broken and entered, and also failed to allege to whom the car belonged; and these were the only questions considered in that case. In the Cunningham Case the indictment failed to allege that the person forcibly broke and entered the car. The allegation was that he "wilfully" broke and entered the car. The only question considered in that case was whether the use of the word "wilful,' instead of "forcibly," made the indictment insufficient. We have found no case where the question in the case at bar has been considered by this court. The statute requires both a breaking and entering with the intention to steal to constitute the offense; and in our opinion, under this language, the failure to prove the entering is just as fatal as a failure to prove the breaking. The offense charged is a statutory one, and the indictment must follow it and the proof sustain it to authorize a conviction.

On another trial, if there is a failure of proof as to the entering of the car, the court will instruct the jury for the offense of trespass as defined in section 1256 of the Kentucky Statutes of 1903. See section 264 of the Criminal Code of Practice and the case of Commonwealth v. Willie Wells, 33 Ky. Law Rep. 964, 112 S. W. 568 (the opinion in which was delivered the 23d day of September, 1908).

For these reasons, the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.