## Carter v. Commonwealth.

(Decided October 13, 1922.)

### Appeal from Perry Circuit Court.

1. Burglary—Indictment and Information—Instructions.—Under an indictment charging defendant with the crime of burglary by forcibly breaking into and entering a dwelling house with the intent to commit the crime of grand larceny, an instruction which authorizes a conviction if he entered only with the intent to steal therefrom "any articles," whether they be of sufficient value to constitute grand larceny or not, was erroneous.

2. Burglary—Gravamen of Offense—Instructions.—The gravamen of the common law crime of burglary is that there be a forcible breaking into the dwelling of another in the night time; and an instruction authorizing a conviction merely if the defendant unlawfully, wilfully and feloniously "entered" the dwelling is erroneous.

3.  Burglary—Forcible Breaking—Instructions.—On such a trial the
    court should define a forcible breaking as applied to the evidence
    in the case.

D. G. BOLEYN for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and CHAS. W. LOGAN for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Reversing.

Appellant being indicted in the Perry circuit court charged with the common law offense of burglary, the penalty for which is fixed in section 1159 of the Kentucky Statutes, was on his trial found guilty, and the court having declined to grant him a new trial, he has appealed.

Many alleged errors are relied upon for reversal, but after a careful inspection of the record and investigation of the questions made, we have found only one of them which appears to be well taken, and that will be the only question discussed.

The only instruction given by the court was as follows:

"If you shall believe from the evidence in this case, beyond a reasonable doubt, that the defendant, George Carter, in Perry county, and before the finding of the indictment herein, unlawfully, willfully and feloniously entered the dwelling house of S. S. Taulbee in the night time, with the intent to steal therefrom any articles that were in the said S. S. Taulbee's dwelling house, then it will be your duty to find him guilty, and fix his punishment at confinement in the state penitentiary for a period of not less than two nor more than ten years in your discretion, according to the proof.

"If you have a reasonable doubt of the defendant having been proven guilty, you will find him not guilty."

It will be observed that the instruction wholly fails to embrace the idea that there must have been a forcible breaking into the house to constitute the crime of burglary, but authorizes a conviction if the defendant unlawfully, willfully and feloniously "entered" the dwelling house. It further authorized a conviction if defendant entered the house with the intent to steal therefrom "any articles" therein.

Two of the essentials in the common law crime of burglary are (1) that there shall be a forcible breaking into a dwelling house, and (2) that there shall be an intention

at the time of the forcible entry to commit a designated felony.

The indictment in this case charges the defendant with forcibly breaking into and entering the dwelling house with intent to commit the crime of grand larceny, but the instruction authorizes a conviction if he entered only with the intention to steal therefrom "any articles," which necessarily means that even though he entered with the intent only to take therefrom "any articles," even if their value was not sufficient to constitute the crime of grand larceny, he was guilty of the crime of burglary. It is clearly, therefore, apparent that the instruction as drawn authorized a conviction for the crime of burglary if defendant's intent when he entered the house was only to take therefrom articles of sufficient value to constitute petit larceny, which is not a felony.

But the more serious error was the failure to require in the instruction that there should have been a forcible breaking, for the very essence of the common law crime of burglary is that there shall be a forcible breaking into the dwelling of another in the night time. The mere walking into an open door, or the act of climbing into an open window, is not such a forcible breaking as will constitute the crime of burglary; not even the pushing further open of a door already partially ajar will constitute a forcible breaking, or the further raising of a window already partly raised. Gaddie v. Commonwealth, 117 Ky. 468.

The element of force must be present in the breaking, but the slightest force is sufficient. The lifting of a latch, the turning of a doorknob, the picking of a lock or the opening of it with a key, the pushing open of a closed door even though it be not latched, bolted or locked, the raising of a window, the breaking of or removal of a pane of glass, or the unloosening of any fastening or contrivance designed by the owner to secure a door or window against a breaking, will be sufficient force to constitute a forcible breaking. Gaddie v. Commonwealth, 117 Ky. 468. The court should also have defined a forcible breaking as applied to the evidence in this case.

It is the duty of a trial court in its instructions to a jury on a trial for burglary to require the jury to believe beyond a reasonable doubt all of the essential things which go to make up that crime before a verdict of guilty may be returned. A forcible breaking by the defendant before he makes the entrance into the dwelling house is the very gravamen of the offense of burglary; and the

failure of the court in its instruction to so require is prejudicial error. The crime of burglary is not committed until there has been a forcible breaking, as above indicated, and an entry as a result thereof. Gaddie v. Commonwealth, 117 Ky. 468; Haynes v. Commonwealth, 171 Ky. 291; Little v. Commonwealth, 151. Ky. 520; Wallace v. Commonwealth, 162 Ky. 85; Commonwealth v. Mackey, 171 Ky. 473; 9 C. J. 1009, 1010, 1035 and 1085; 4 R. C. L., 415, *et seq.*

Because of the errors indicated the judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith. .