## Hewitt v. Commonwealth.

(Decided October 12, 1926.)

## Appeal from Warren Circuit Court.

Rape—Indictment for Carnal Knowledge of Female Under 16, Not Stating that Defendant was Over 21 Years of Age, Will Not Support Conviction for Felony (Ky. Stats., Section 1155, Subdivs. 1-5 [Acts 1922, Chapter 17]; Criminal Code of Practice, Section 122). —Indictment for carnal knowledge of female under 16, not stating that defendant was over 21 years of age, will not support conviction for felony, under Ky. Stats., section 1155, subdivs. 1, 2, or 3 (Acts 1922, c. 17), in view of subsections 4, 5, and Criminal Code of Practice, section 122, regardless of whether there was demurrer to it.

G. D. MILLIKEN and A. J. OLIVER for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Section 1155, Kentucky Statutes, as amended by the act of March 16, 1906, reads as follows:

"Whoever shall unlawfully carnally know a female under the age of sixteen years, or an idiot, shall be confined in the penitentiary not less than ten nor more than twenty years."

Curtiss Hewitt was indicted in the Warren circuit court; the statement of the facts in the indictment is in these words:

"The said Curtiss Hewitt, heretofore, to-wit, on — day of ——, A. D. 192—, and before the finding of this indictment, in the county aforesaid, did unlawfully and feloniously carnally know and have sexual intercourse with Irene Smith, a female not his wife, under the age of sixteen years and under the age of consent."

The indictment was returned September 10, 1925, and followed the statute above quoted. But in 1922 the legislature amended and re-enacted the statute so as to make it read as follows:

"Section 1155. Every male person who shall carnally know, with her consent, any female child,

not his wife, under the age of eighteen years, and every female person who shall carnally know any male child under the age of eighteen years, not her husband, shall be punished as follows: (1) When such child is under the age of twelve years, by imprisonment in the state penitentiary for not less than twenty years nor more than fifty years, or by death, in the discretion of the jury. (2) When such child is of the age of twelve years and under the age of sixteen years, by imprisonment in the state penitentiary for not less than five years nor more than twenty years. (3) When such child is of the age of sixteen years and under the age of eighteen years, by imprisonment in the state penitentiary for not less than two years nor more than ten years. (4) Any female under the age of eighteen years, charged with a violation of any of the provisions of this act, shall be dealt with and proceeded against as are other juvenile delinquents, under the provisions of section 331e, Kentucky Statutes. (5) Any male person of the age of seventeen years and under twenty-one convicted of a violation of any of the provisions of this act shall be punished by a fine not exceeding five hundred dollars and not as provided in subsections one, two, three and four of this act. (6) When any complaining witness is over the age of sixteen years and the defendant being under the age of twenty-one years, the court or jury is authorized to hear testimony in aggravation or mitigation of said charge. (7) Any female under the age of eighteen years and any male under the age of seventeen years, charged with violation of any of the provisions of this act, may be dealt with and proceeded against as are other juvenile delinquents under the provisions of section 331e, Kentucky Statutes." Acts 1922 of Kentucky, page 65.

Curtiss Hewitt was found guilty and his punishment was fixed at five years' imprisonment in the penitentiary. The only question necessary to be considered on the appeal is whether the indictment is sufficient to sustain a conviction for felony. Section 122 of the Criminal Code provides, among other things, that the indictment must contain a statement of the acts constituting the offense in ordinary and concise language in such a manner "and with such a degree of certainty as to enable the

court to pronounce judgment on conviction according to the right of the case.'' Under this provision it has been often held that unless the facts stated in the indictment constitute a felony a judgment of conviction for felony cannot be sustained. To illustrate, if an indictment for grand larceny fails to state that the goods stolen were of the value of $20.00 or more, a conviction for grand larceny cannot be sustained, although the proof on the trial might show this fact. The question presented here, therefore, is, do the facts alleged in the indictment show that a felony was committed?

In the first paragraph of the statute no punishment is provided. This is covered by the seven succeeding subsections applicable to the different states of fact. It is unnecessary to refer to so much of the statute as provides the punishment for females charged with the violation of any of its provisions, for this is a proceeding against a male; by subsection one the punishment for males is death or not less than twenty years' nor more than fifty years' imprisonment where the child is under the age of twelve years; by subsection two the punishment is not less than five years nor more than twenty years where the child is of the age of twelve years and under sixteen years; by subsection three the punishment is not less than two nor more than ten years where the child is of the age of sixteen years and under the age of eighteen; by subsection four any male under the age of seventeen charged with a violation of any of the provisions of the act shall be dealt with and proceeded against as other juvenile delinquents; by subsection five any male person of the age of seventeen years and under twenty-one years shall be punished by a fine not exceeding $500.00 and not as provided in subsections 1, 2, 3 and 4.

It will thus be seen that the facts charged were only a misdemeanor if Hewitt was seventeen years old and under twenty-one years old, and that if he was under seventeen years old he could only be proceeded against as other juvenile delinquents. It is not charged that Hewitt was over twenty-one years of age. There is no presumption that a person is over twenty-one, and to be good under the statute and to sustain his conviction under subsections 1, 2 or 3, it must appear from the indictment that the defendant was over twenty-one years of age.

It is not material that there was no demurrer to the indictment, for the indictment does show a public offense

whatever the age of the defendant may have been. But a conviction for felony cannot be sustained where the indictment does not show that a felony has been committed.

The defendant's substantial rights are prejudiced when he is convicted of a felony under an indictment which only shows that a misdemeanor was committed.

"Code provisions have been adopted in some states abolishing the strict common law rules governing criminal pleadings, and in a number of jurisdictions statutes have been enacted providing in varying language that no exception shall be allowed for any defect or want of form in any presentment, indictment or information which does not tend to prejudice the substantial rights of the defendant. The rule allowed by such statute is not, however, so extended as to permit the omission of a sufficiently distinct charge of every substantive fact necessary to constitute the offense, and the statute does not affect the rule that an indictment must allege the offense with such fullness and precision that the defendant may know for what he is prosecuted and be enabled to prepare his defense." 14 R. C. L., p. 172.

Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.