[Crim. No. 2960. In Bank.—February 11, 1927.]

## THE PEOPLE, Respondent, v. BERNARD P. ALLISON, Appellant.

[1] CRIMINAL LAW—ACCOMPLICE—SECTION 1111, PENAL CODE.—Under section 1111 of the Penal Code one who is liable to prosecution for the identical offense charged against the defendant on trial in the case in which testimony of such person is given, is an accomplice.

[2] ID. — BURGLARY — ENTRY OF RAILROAD CAR — SECTION 459, PENAL CODE.—Under section 459 of the Penal Code, every person who enters any railroad car with intent to commit grand or petit larceny, or any felony, is guilty of burglary.

[3] ID.—ENTRY OF CAR—SUFFICIENCY OF EVIDENCE.—One who standing outside a railroad car receives from the hands of another inside the car stolen goods taken from the car will be held to have entered the car and is guilty of burglary.

[4] ID.—ACCOMPLICE—SPECIAL VERDICT—INSTRUCTIONS.—In a criminal prosecution, where there is no conflict of evidence upon the question, it is error for the court in its instructions to submit to the jury the question of whether a certain witness was an accomplice in the commission of the crime charged, as the question is one of law for the court to say whether or not the acts make the witness an accomplice.

---

(1) 16 C. J., p. 671, n. 71, p. 698, n. 88, p. 700, n. 92, p. 701, n. 25. (2) 9 C. J., p. 1029, n. 77, p. 1030, n. 84, p. 1077, n. 37. (3) 9 C. J., p. 1010, n. 15, p. 1020, n. 86, 87. (4) 16 C. J., p. 928, n. 77, 78, 79, p. 933, n. 30, p. 965, n. 67, p. 999, n. 84; 17 C. J., p. 203, n. 81, p. 264, n. 89, p. 271, n. 28, p. 338, n. 55 New.

1. Who is accomplice, note, 138 Am. St. Rep. 272. See, also, 1 R. C. L. 157.

4. See 1 R. C. L. 158; 8 Cal. Jur. 277, 278.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying new trial. John F. Pullen, Judge. Reversed.

The facts are stated in the opinion of the court.

Donald McKisick and J. S. Daly for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PRESTON, J.—Defendant was convicted by a jury in the superior court of Sacramento County of the crime of burglary. He petitions this court for a hearing after decision of the district court of appeal, third appellate district, on hearing and rehearing, affirming the judgment of conviction and order denying his motion for a new trial.

Appellant contends that the evidence is insufficient to support the verdict of conviction in that there was no testimony introduced by the People to support a conviction but that of an accomplice, uncorroborated by other testimony or evidence tending to connect the accused with the commission of the crime; also that the trial court erred in admitting hearsay testimony against the defendant; in submitting to the jury a special verdict as to whether the witness Speascock was an accomplice; in allowing the district attorney to misstate the law during his argument to the jury; and in giving instructions to the jury which were erroneous and prejudicial to the rights of defendant.

The facts are briefly: On February 1, 1926, between the hour of 8 P. M., when it was inspected and seals found intact, and the hour of 10:30 P. M., when it was scheduled for departure, car No. 2100 stationed in Haggins yards attached to a freight train and loaded with freight, including a crate of hams, was broken open and about one-half the hams contained in the crate were removed. Subsequently, one Daniel E. Speascock and later defendant and one Hudson were arrested and charged with commission of the offense. The information in the court below read in part as follows:

"The said Dewey Hudson, *alias* Roy Allen, Daniel E. Speascock and Bernard P. Allison on or about the 1st day

of February, A. D. 1926 . . . did then and there wilfully, unlawfully, feloniously and burglariously enter car S. N. 2100 . . . with the felonious intent then and there to commit the crime of larceny. . . . ''

On March 6, 1926, Speascock pleaded guilty to the information and asked for probation; he then became a witness against this defendant. There was no other testimony directly connecting defendant with commission of the crime.

Speascock testified in substance as follows: That on the evening of February 1st, he went with this defendant and Hudson to Haggins yards. They entered an empty box-car to sleep. Shortly afterward defendant left the car and later called Hudson, who joined him; shortly thereafter he, Speascock, also left the car and upon getting out saw defendant and Hudson in car No. 2100, the door being open. He stated: "I stood there just a few minutes, I don't remember which one of the boys first handed me the hams, but he told me to take them, and I did. . . . I took them on the other side of the track and laid them in the lot." He testified that he did not know they were going to break into this box-car and had nothing to do with the breaking; that he piled the hams on the ground and after a large number were taken the three of them wrapped them in defendant's overcoat and secreted them at a point about 150 feet from the car. After the arrest Speascock accompanied a police officer to the spot and the hams were recovered.

[1] Section 1111 of the Penal Code provides: "A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense. . . . An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

The question is: Was Speascock an accomplice? It is perfectly clear that not only was he "liable to prosecution for the identical offense charged against the defendant," but he was in fact convicted on a plea of guilty of the identical offense charged against defendant herein.

Nevertheless, it is urged that as Speascock did not enter the car, he was guilty of larceny according to the facts and not of burglary; that therefore he could not be an accom-

plice to the crime of burglary; that the evidence was such as clearly to make the question one of fact for the jury to determine and, in this instance, relying upon certain alleged erroneous instructions, the jury rendered a special verdict as follows: "Was Daniel E. Speascock an accomplice in the commission of the crime of burglary as charged in the information . . . ? No."

[2]   Section 459 of the Penal Code provides: "Every person who enters any . . . railroad car . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." There is certainly no evidence to disprove the fact that Speascock did enter the car. If he reached up into the car, as he must have done to take the hams from the persons inside, his reaching in was an entry, coupled with the intent to abstract the hams, sufficient to constitute the crime of burglary.

[3]   Or even if it be argued that the evidence does not prove the actual introduction of his arm into the car, nevertheless, it is clear that whenever he took a ham from his confederate inside, his arm was extended by the length of the ham to its contact with the hand of the other within the car and, under the authorities, as will be shown by those hereinafter cited, this too would be deemed an entry, coupled with the specified intent, sufficient to constitute the crime of burglary, just as though he had reached into the car with the aid of a hooked stick or other artificial appliance, and extracted the hams.

"It is not necessary that the party shall get his whole body into the house. The least entry of any part of the body is sufficient, as the entry of the hand, or a finger only, or of the head or the foot." (9 Cor. Jur. 1020, sec. 24; *State* v. *McCall*, 4 Ala. 643 [39 Am. Dec. 314]; *Fisher* v. *State*, 43 Ala. 17.)

"However, we do not construe the statute as meaning that there should be an entering of the whole body into the car, but an entry into the car, however slight, such as putting the hand through the opening with the intent to steal property, etc., therefrom, would be an entry in the meaning of the statute . . . " (*Price* v. *Commonwealth*, 129 Ky. 716 [112 S. W. 855].)

"When the thief breaks the house, and his body or any part thereof, as his foot or his arm, is within any part of

the house, it is deemed an entry; or when he puts a gun into a window which he has broken (though the hand be not in), . . . this is an entry. . . . The same is true of the mere introduction of the offender's finger. . . . It has been said that discharging a loaded gun into a house is a sufficient entry.'' (1 Wharton's Criminal Law, 10th ed., pp. 695, 696, secs. 774, 775, 776.)

"The statute dispenses with breaking but clearly contemplates the necessity for an entry. . . . No words are found in the statute qualifying the character, kind, time or manner of entry, save that such entry must be accompanied with the specified intent.'' (4 Cal. Jur., p. 718, sec. 3; see, also, *People* v. *Barry,* 94 Cal. 481 [29 Pac. 1026].)

"A breaking is not an essential element of the crime of burglary, as an entry of any character made for the purpose, and with the intent to commit the crime of grand or petty larceny is sufficient.'' (Syllabus, *People* v. *Ferns,* 27 Cal. App. 285 [149 Pac. 802].)

[4] In view of these authorities, in our opinion, it was error to submit to the jury the special verdict above quoted. There was no conflict in the evidence and it called for a finding not upon a question of fact, but upon a question of law; and it was in effect prejudicial to defendant. As stated in *People* v. *Coffey,* 161 Cal. 433, 436 [39 L. R. A. (N. S.) 704, 119 Pac. 901]: "When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury touching the law of accomplices, and leave the question whether or not the witness be an accomplice for the decision of the jury as a matter of fact. (*People* v. *Kraker,* 72 Cal. 459 [1 Am. St. Rep. 65, 14 Pac. 196].) Whenever the facts themselves are in dispute, that is to say, whenever the question is whether the witness did or did not do certain things, which, admittedly, if he did do them, make him an accomplice, the jury's finding, upon familiar principles, is not disturbed. But where the facts are not in dispute, where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice. For the law declares in mandatory terms that 'A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which in itself, and without the aid of

the testimony of the accomplice, tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof.' (Pen. Code, sec. 1111.) Therefore, whenever upon appeal it is argued that the conviction was had upon the uncorroborated testimony of an accomplice, it is equivalent to a declaration that the verdict is contrary to the law and the evidence, and this is always a legal question. (Pen. Code, sec. 1181, subd. 6.) Hence, in every proper case, a court of appeals is called upon to consider whether or not the witness is an accomplice, and, if so, whether his evidence has received the corroboration demanded by the law before a defendant may be convicted upon it."

It is also apparent from the foregoing authorities that appellant's complaint that the following instruction was erroneous is justified: "You are instructed that if the witness Speascock did not aid or encourage the breaking or entering of the car, if you find such car was broken and entered, and if you further find that he took no part in the breaking and entering of the car, if you find such car was broken and entered, then you are instructed he is not an accomplice within the meaning of the law although he may have received hams while standing outside from persons who were on the inside of the car, if you find such hams were so received."

In further support of this view we quote again from *People* v. *Coffey, supra:* "Wherever the commission of a crime involves the co-operation of two or more people, the guilt of each will be determined by the nature of that co-operation. Whenever the co-operation of the parties is a corrupt co-operation, then always those agents are accomplices, even as at common law they were principals."

This conclusion renders unnecessary a consideration of the other points urged by appellant.

Judgment reversed.

Richards, J., Langdon, J., Shenk, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.