## Oakley v. Commonwealth.

(Decided May 31, 1927.)

## Appeal from Trigg Circuit Court.

1. Rape.—Indictment, under Ky. Stats., section 1155, for feloniously having carnal knowledge of female under 12, held to charge only misdemeanor, under section 1155, as amended by Laws 1922, c. 17, where age of defendant was not stated.
2. Criminal Law.—Giving of felony instruction constitutes reversible error, where indictment charges misdemeanor only.
3. Rape.—Conviction, under Ky. Stats., section 1155, as amended by Laws 1922, c. 17, for carnal knowledge of female under 12, could not stand where there was no evidence of penetration; submission to jury being error.

McKENZIE & SMITH for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS— Reversing.

K. T. Oakley was indicted under section 1155 Ky. Statutes, charged with feloniously having carnal knowledge of a female under 12 years of age. Upon trial he was convicted and sentenced to 10 years in the penitentiary. Section 1155 was amended by the Act of 1922, c. 17, and as construed by this court an indictment drawn under the present statute, which does not state the age of the perpetrator, charges a misdemeanor only. Hewitt v. Com., 216 Ky. 72, 287 S. W. 223; Hunley v. Com., 217 Ky. 675, 290 S. W. 511. The present indictment is defective in this respect, and, under the authorities cited, the judgment must be reversed for error in giving a felony instruction.

2. Without reciting the facts, it may be said that there is no evidence of penetration of the prosecutrix. She testifies fully as to what occurred, but says that she was unhurt and that she does not know whether her parts were penetrated. She was not examined by any one, physician or layman, and it cannot be said that this is even slight evidence of penetration. In such a case, it was error to submit the principal charge. Carter v. Com., 196 Ky. 47, 244 S. W. 321; Nider v. Com., 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246; White v. Com., 96 Ky. 180, 28 S. W. 340, 16 Ky. Law Rep. 421; Bishop's

Criminal Law, vol. 2, section 1127; Wharton's Criminal Law, vol. 1, section 554.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.