## Jarvis v. Commonwealth.

(Decided November 12, 1929.)

(As Modified, on Denial of Rehearing, December 10, 1929.)

G. J. JARVIS for appellant.

J. W. CAMMACK, Attorney General, and G. H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing

G. J. Jarvis was indicted for embezzlement under section 1358a, Kentucky Statutes. On trial of the case he was found guilty and his punishment fixed at five years' imprisonment. He appeals.

Section 1358a, Kentucky Statutes, is as follows:

"That any person who shall sell, dispose of or convert to his or her own use or the use of another, any money, property, or other thing of value without the consent of the owner thereof, shall be punished by confinement in the penitentiary for not less than one nor more than five years, if the money, property, or other thing of value so sold, disposed of or converted to his or her own use be of the value of twenty dollars or more; or be confined in the county jail for not less than one nor more than twelve months if the value be less than twenty dollars."

The facts constituting the offense are stated in the indictment in these words:

"The said G. J. Jarvis in the state and county aforesaid and on the 21st day of March, 1928, and before the finding of this indictment, he then and there being the attorney and collector of and for Mary Hocever, unlawfully, fruadulently and feloniously and without the consent of the said Mary Hacever did convert to his own use money of value belonging to Mary Hocever, further description of which to the grand jurors unknown, the personal property of said Mary Hocever, which said money had then and there been entrusted to the care, custody and keeping of said defendant by reason and virtue of said relationship of attorney and client and collectorship existing aforesaid with the fraudulent and felonious intent then and there to permanently

deprive the said owner of her property therein, against the peace and dignity of the commonwealth of Kentucky."

It will be observed that under the statute the offense is not a felony unless the thing converted is of value $20 or more. It will also be observed that the indictment does not show that the money converted was of value $20 or more, or what amount was converted. The indictment is not sufficient to support a conviction for felony, as it does not show this; but it is good as an indictment for a misdemeanor. As the indictment only charge a misdemeanor, the defendant cannot be convicted of a felony under it. Section 262 of the Criminal Code of Practice, provides:

"Upon an indictment for an offense consisting of different degrees, the defendant may be found guilty of any degree not higher than that charged in the indictment, and may be found guilty of any offense included in that charged in the indictment."

Under the statute, if a person has carnal knowledge of another with his or her consent, it is a felonw or misdemeanor, according to the age of the parties. Holding that a conviction for felony could not be sustained where the indictment did not show that a felony had been committed, the court in Hewitt v. Commonwealth, 216 Ky. 72, 287 S. W. 223, 224, said:

"The only question necessary to be considered on the appeal is whether the indictment is sufficient to sustain a conviction for felony. Section 122 of the Criminal Code provides, among other things, that the indictment must contain a statement of the acts constituting the offense in ordinary and concise language, in such a manner, and with such degree of certainty as to enable the court to pronounce judgment, on conviction, according to the right of the case.' Under this provision it has been often held that, unless the facts stated in the indictment constitute a felony, a judgment of conviction for felony cannot be sustained. To illustrate: If an indictment for grand larceny fails to state that the goods stolen were of the value of $20 or more, a conviction for grand larceny cannot be sustained, although the proof on the trial might show this fact."

To same effect, see Oakley v. Com., 220 Ky. 313, 295 S. W. 142.

The indictment here was good upon demurrer, for it stated facts showing that a misdemeanor had been committed. The defendant, therefore, waived no right by not demurring to the indictment. Section 276 of the Code, providing the grounds upon which a judgment may be arrested, must be read in connection with section 262, above quoted, and under that section no judgment could be rendered for an offense higher than that charged in the indictment. This question was not presented in Cheek v. Com., 162 Ky. 56, 171 S. W. 998, or any of the cases following it, where only technical defects in the indictment were relied on.

The affidavit for the regular judge to vacate the bench did not state facts sufficient to sustain the motion. Tolliver v. Com., 165 Ky. 312, 176 S. W. 1190; Chreste v. Com., 178 Ky. 311, 198 S. W. 929; Stamp v. Com. 195 Ky. 404, 243 S. W. 27. While the affidavit shows that appellant had been hostile to the circuit judge, it does not show that the judge was hostile to him or state any facts showing that the judge would not give him a fair trial. All other questions are reserved.

Judgment reversed, and cause remanded for further proceedings consistent herewith.