**Johnny Lee STAMPS, Movant,**

v.

**COMMONWEALTH of Kentucky,
Respondent.**

Supreme Court of Kentucky.

July 15, 1980.

Jack Emory Farley, Public Advocate, Rebecca Westerfield, Asst. Public Advocate, Louisville, for movant.

Robert F. Stephens, Atty. Gen., J. Gerald Henry, Asst. Atty. Gen., Frankfort, for respondent.

AKER, Justice.

The Movant, Johnny Lee Stamps, was tried in Christian Circuit Court, convicted of third-degree burglary pursuant to KRS 511.040, and sentenced to five years in the penitentiary. The Kentucky Court of Appeals affirmed the conviction. We reverse.

The case arose when two police patrolmen spotted Movant and an accomplice at the rear of a liquor store in Hopkinsville, Kentucky between midnight and one A.M. on January 24, 1978. Movant was apprehended by one of the patrolmen.

It was discovered that the two individuals had caused damage to the back of the store which was constructed of 6 × 16 inch concrete blocks. From evidence introduced at trial, there was no penetration into the store, only into the air pockets of the concrete blocks. Parts of five blocks had been chipped and there were small cracks in the joints, but the blocks remained largely intact. Discretionary review was granted and limited to the issue of whether there was sufficient evidence of the element of "entry."

Movant contends that respondent failed to prove the element of entry needed for conviction of burglary in the third degree. Burglary in the third degree is defined in KRS 511.040 as follows:

"A person is guilty of burglary in the third degree when he knowingly enters or remains unlawfully in a building with intent to commit a crime."

The term "entry" is not statutorily defined but Movant relies upon the two Kentucky cases of *Goddie v. Commonwealth*, 117 Ky. 468, 78 S.W. 162 (1904) and *Price v. Commonwealth*, 129 Ky. 716, 112 S.W. 855 (1908) to aid in defining the term.

In *Price*, supra, the defendants were convicted under a statute which required the elements of breaking and entering. The defendants broke or cut the seal on a rail-

road car door, slid it back somewhat, were frightened and pushed the door back in place. The court reversed the conviction under the statute for the failure of the Commonwealth to show even the slightest entry of the railroad car.

In *Goddie*, supra, the defendant was convicted of burglary when an outside window strip which held a window in a warehouse in place was pried open. The window remained intact although it was unprotected on one side and could have easily been lifted out. The opening had been made to the interior of the building. The court reversed the conviction and stated, supra, 78 S.W. p. 163, that "an entry must be made into the house with the head, foot, or an instrument with which it is intended to commit a felony."

In the instant case, Stamps and his accomplice had only broken through the concrete blocks to the air pockets. No part of the body or an instrument had extended into the interior of the building. Air pockets of concrete blocks are not a protected space within the meaning of KRS 511.040, absent some showing of something of value in the particular wall which could be the subject of the crime. Here, there was nothing of value in the air pockets and the men were still attempting to get through the blocks to the point of entering the store when Stamps was apprehended. Since Stamps was "picked a little green," the maximum charge under which he could be convicted would be "attempted third-degree burglary" which is a Class A misdemeanor pursuant to KRS 506.010.

Accordingly, we reverse the decision of the Court of Appeals and the judgment of the Christian Circuit Court.

PALMORE, C. J., and AKER, LUKOWSKY and STERNBERG, JJ., concur.

CLAYTON and STEPHENSON, JJ., dissent.