CASE 43—INDICTMENT FOR BURGLARY—JUNE 19.

# Kyle v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

CRIMINAL LAW—REVERSIBLE ERROR—BURGLARY—INDICTMENT.

Held: 1. There can be no reversal, in a criminal case, on account of insufficiency of the evidence, if there be any evidence tending to establish guilt.

2. An indictment for burglary, which charges that defendant broke into a dwelling house "with the intent to commit a felony," is not good on demurrer, as the acts which defendant intended to commit should be stated, so that the court may know whether they would constitute a felony. Slaughter v. Com. (15 R., 569), (24 S. W., 622), overruled.

NAT. H. HOBBS, ATTORNEY FOR APPELLANT. ·

The defendant, Hattie Kyle, was indicted for burglary. When the case was called for trial the defendant, by attorney, demurred to the indictment and the demurrer was overruled. Defendant claims that the indictment is not good. Burglary is a common law offense and has not been abrogated, repealed or modified in any way by the legislation of this State. There is no such thing as breaking into a mansion house at night without intent to commit a felony, and it is absolutely necessary to charge the defendant with the intent to commit some particular felony; otherwise the indictment states a conclusion of law which is not good pleading.

For this error in overruling the defendant's demurrer, the appellant is entitled to a reversal.

MORRISON BRECKINRIDGE, FOR COMMONWEALTH.

Counsel for appellant claims that the demurrer to the indictment should have been sustained for the reason that the indictment fails to specify the particular kind of felony intended to be committed by the defendant; that it merely states a conclusion of law. It seems to me that the opinion of this court in the case of Slaughter v. Com., 15 Rep., 569, is a complete answer to counsel's contention.

OPINION OF THE COURT BY JUDGE GUFFY—REVERSING.

An indictment was returned by the grand jury of Fayette county against the appellant, which reads as follows: "The grand jury of Fayette county, in the name and by the authority of the Commonwealth of Kentucky, accuse Hattie Kyle of the crime of burglary, committed as follows, viz.: That said Hattie Kyle, on the 4th day of March, 1901, in the county aforesaid, did unlawfully, wilfully, forcibly, and feloniously break into and enter the dwelling house of Ollie Fowler, in the nighttime, with the intent to commit a felony, against the peace and dignity of the Commonwealth of Kentucky." A trial resulted in a verdict and judgment holding the defendant guilty, and fixing her punishment at two years' confinement in the penitentiary and, her motion for a new trial having been overruled, she

prosecutes this appeal. The grounds relied on for a new trial are, in substance, that the court erred in overruling the defendant's demurrer to the indictment, that the court erred in refusing the instructions asked for by the defendant, that the verdict was contrary to the law and evidence introduced, and that the court erred in overruling defendant's motion for peremptory instructions.

It has been repeatedly decided by this court, both in civil and criminal cases, that, if there was any evidence from which the jury might infer that the plaintiff was entitled to recover, a peremptory instruction should not be given; and, while it is true that the evidence in this case might not be conclusive as to defendant's guilt in the estimation of this court, yet this court is not authorized to reverse a judgment in a criminal case on account of the insufficiency of evidence, if there be any evidence tending to establish the guilt of the accused.

It is insisted for appellant that the demurrer to the indictment should have been sustained. Section 124 of the Criminal Code provides that the indictment must be direct and certain as regards: First, the party charged; the offense charged; the county in which the offense was committed; and the particular circumstances of the offense charged, if they be necessary to constitute a complete offense. It will be seen from the indictment in question that the charge is breaking into the house in question with the intent to commit a felony. There is nothing to indicate what sort of felony, whether it be murder, robbery, larceny, manslaughter, or any other of the various crimes which constitute a felony. Moreover, the charge that the intent was to commit a felony is a mere conclusion of the pleader. He might consider an act a felony which in law was no offense at all. The indictment does not at

all apprise the defendant of what particular charge she was to answer. It is not contended that the mere breaking into the house is a felony, unless she had the intent to commit a felony. It is said in Bishop's New Criminal Procedure (volume 2, sec. 142), that: "Burglary being a breaking," etc., "with the intent to commit a felony in the place, an indictment, whether upon the common law as thus defined, or upon a statute in like terms, is inadequate if it lays the intent only in those general words. It must specify the felony intended. And if it does, it need not say that the offense meant is a felony, for that is the law known to the court. Yet the specifications need not be so minute as an indictment for its actual commission. For example, where larceny is intended, the kind, value, or ownership of the goods to be stolen need not be alleged; and where it is rape or murder the indictment is drawn on the like principle. Yet to state the name only of the intended felony as larceny or rape, is by most judges deemed not sufficiently minute, though some hold it adequate.

It seems from the foregoing authorities that the indictment is defective in not stating what acts the defendant intended to commit which would constitute a felony. And failing to so state, the indictment is fatally defective and the demurrer should have been sustained. Having reached this conclusion it is not necessary to pass upon the correctness of the instructions nor as to errors complained of as to the admission of testimony. The opinion in Slaughter v. Commonwealth, 15 Ky. L. R., 569, is overruled in so far as it conflicts with this opinion.

For the reason indicated the judgment is reversed and cause remanded with direction to sustain the demurrer to the indictment and for proceedings consistent herewith.