Case 64.—PROSECUTION AGAINST ISAAC RADLEY FOR
BURGLARY.—November 22.

## Radley v. Commonwealth.

Appeal from Jefferson Circuit Court, Criminal Division.

JOSEPH PRYOR, Judge.

Defendant convicted and appeals.    Affirmed.

1. Burglary—Indictment—Sufficiency—On a prosecution for burglary, an indictment charging the breaking "with the intent to commit a felony therein, to wit, grand larceny," was sufficient, without setting forth the facts constituting the felony

2. Separate Trials—Motion—A motion for a separate trial, made after the swearing of the jury, is too late.

3. Evidence—Competency—On a prosecution for burglary, it was proper to refuse to permit defendant to testify that he had received a letter from the owner of the house alleged to have been burglarized, stating that the writer did not know that defendant was F. (defendant's alias), and that, had he known it, he would not have permitted him to be prosecuted, and that the letter contained money and a request that the letter be burned.

4. Instructions—Definition of Breaking—Where, on a prosecution for burglary, the uncontradicted evidence showed a breaking, and the defense was an alibi, it was not error to fail to define what constitutes an unlawful breaking.

5. Appeal—Evidence—Sufficiency—A conviction will not be disturbed on appeal, where it is supported by any evidence.

CHAS. P. JOHNSON for appellant.

No brief for appellant.

N. B. HAYS, Attorney General, C. H. MORRIS, KINNEY & FITZGERALD and R. T. CROWE for Commonwealth.

(No brief.)

OPINION BY JUDGE BARKER—Affirming.

The appellant, Isaac Radley, was jointly indicted with John Kline by the grand jury of Jefferson county, Ky., charged with the offense of burglary, to which they pleaded, upon arraignment, not guilty. A trial resulted in their conviction, and being sentenced to the penitentiary for a period of five years, from which Isaac Radley has appealed.

Among the errors complained of, it is insisted that the trial court should have sustained the general demurrer to the indictment; it being said that the pleading is defective because it fails to state that the breaking was done with the intent to commit a felony. The allegation as to the intent is as follows: "With the intent to commit a felony therein, to wit, grand larceny." Appellant urges that it is not sufficient simply to name the felony which it was the intent of the accused to commit, but that the facts constituting it should be set forth. To this we can not agree.

The case of Kyle v. Commonwealth, 111 Ky., 404, 23 Ky. Law Rep., 708, 63 S. W., 782, does not support this view. The indictment in that case merely charged that the breaking was with the intent to commit a felony, without naming what kind; and we there held that the allegation was not sufficient. The particular question here has not heretofore been adjudicated by this court, and in other jurisdictions the decisions are contradictory. We are of opinion that to name the felony which the party charged intended to commit when he made the unlawful breaking and entry is sufficient to subserve every useful purpose, and anything more would be unnecessary particularity.

It is further complained that the court erred in not awarding the appellant a separate trial upon his

motion. The bill of exceptions shows that this motion was not made until after the jury were sworn. The swearing of the jury is the commencement of the trial, and from that time the jeopardy of the defendant begins, as this court has many times held. After the commencement of the trial it is too late to ask for a separation.

We do not think the court erred in refusing to permit appellant to testify as to the contents of the letter he said he received from Father Paul Alf, the owner of the house alleged to have been broken into. The avowal, in substance, is that Father Paul Alf wrote to appellant from Hot Springs that he did not know that Isaac Radley was Fairleigh (his alias) ; that, had he known he was Fairleigh, he would not have permitted him to be prosecuted, and inclosed him money, and asked that his letter be burned, This evidence, if true, was clearly incompetent. It shed no light whatever upon the question whether or not appellant had committed the crime of burglary. It was not within the power of the owner of the house to suppress the prosecution, and no declaration of his tending to show that he did not desire the prosecution was competent, even if true. Other avowals of a similar nature to this were made upon adverse rulings of the court, and their substance need not be further noticed.

The court did not err in failing to define what constitutes an unlawful breaking. If there had been any serious question as to whether or not there was a breaking within the meaning of the law, the position of appellant would be sound; but the evidence showed, without contradiction, that the window through which the entrance was made was securely

fastened,· and was pried open by means of some in-strument of the nature of a chisel, the mark of which was left plainly upon the window sill. Appellant's defense was not predicated upon the ·question as to whether there was, or not, an unlawful breaking, but that he was not present at the time the crime was com-mitted.

The case of Rose v. Commonwealth, 40 S. W., 245, 19 Ky. Law Rep., 272, upon which appellant relies to sustain this claim of error, was different from that at bar. There the testimony of the defendant was that the window was partly open, and that he entered through the window; and this court held that the defense turning upon the question of the proof of a breaking, the trial court should have defined what constituted an unlawful breaking. Appellant's de-fense was, practically, an alibi, and he was, therefore, not injured by the failure of the court to define to the jury the meaning of an unlawful breaking, there being no question that it was proved to be an un-lawful breaking.

The motion for a peremptory instruction to find the appellant not guilty was properly overruled. His guilt was proved beyond any question, and, had the evidence been less conclusive, we would not disturb the finding of the jury if there was any evidence at all to support the verdict.

Judgment affirmed.

Petition for rehearing by appellant overruled.