Arvie M. BURCHETT, d/b/a Burchett Trucking Co., Appellant,

v.

T. H. JONES, Appellee.

Court of Appeals of Kentucky.

June 1, 1956.

William A. Young, Dailey & Fowler, Frankfort, for appellant.

Thos. D. Theobald, Jr., Grayson, for appellee.

CLAY, Commissioner.

This suit was brought by plaintiff Jones (appellee) to recover from defendant Burchett (appellant) the sum of $5,200 allegedly due on an oral contract for rental of road construction machinery and equipment. The parties are in direct disagreement with respect to the agreed rental. The case was tried by the circuit court without a jury, and the judge found: (1) The plaintiff had agreed to rent machinery and equipment to defendant "at a reasonable rental figure"; (2) the reasonable rental value was $2800 a month; (3) the defendant had paid $1,500 a month rental; (4) the defendant had suffered a loss of $2,600 over the four-month rental period by reason of breakdown in the machinery; and (5) the plaintiff was entitled to recover $2,600, one-half of the amount sued for. Defendant appeals.

The plaintiff had been employed as a supervisor on a road construction project, and he offered to rent machinery and equipment owned by him to the defendant while the job was being completed. The contract between the parties was oral and they were the only witnesses to its terms. Plaintiff testified the defendant agreed to rent this machinery and equipment for $2,800 a month. The defendant testified he agreed to a rental of $1,500 a month. For the four months involved the defendant actually paid plaintiff $1,500 a month by check, with a detachable voucher reciting "Rental on Equipment". These checks were cashed by plaintiff, and during the rental period he raised no question with respect to an additional amount due.

The plaintiff undertakes to explain the acceptance of $1,500 per month as part payment by saying he told the defendant that he had to meet monthly obligations in that amount, "and that the balance of $1,300 he would wait for". There is no evidence defendant was not financially able to pay monthly whatever rental he had agreed to pay, and there is no evidence defendant requested an extension of credit with respect to this additional rental.

The plaintiff introduced substantial evidence of the reasonable rental value of this equipment, and it was shown to be in excess of $2,800 a month. However, this reasonable rental was for the most part based upon charges made by supply companies in renting new or reconditioned equipment under lease-purchase agreements. Plaintiff's equipment was several years old, and plaintiff's expert witness admitted that the condition of the equipment, the nature of the job, and other factors would enter into "the way you make your trade".

This is a suit on a contract which both parties agree fixed a specific rental. No one claims defendant agreed to pay a reasonable rental. The evidence with respect thereto was only competent as circumstantial evidence of what the parties might have agreed upon. It does support plaintiff's claim. On the other hand, the condition of the equipment, the reason for renting it, the necessary repairs, the fact that some of it was scarcely used, and the value of the equipment (all of which is likewise circumstantial evidence) tends to

**34**

support defendant's contention that he would not have agreed to pay such a high rental. It seems to us that up to this point the parties' contradictory positions are about equally balanced.

■ The additional and most significant proof in the case is the written evidence. This consists of the four monthly checks, made payable to plaintiff for $1,500, purportedly for "Rental on Equipment", which were accepted and cashed by the plaintiff. In a situation like this we resort to the age-old principle applicable to contracts. That is, where the evidence is conflicting as to the intention of the parties, their acts in execution of the agreement are most persuasive. Trapp v. Conley, 89 S.W. 519, 28 Ky.Law Rep. 475; Jones v. Linkes, Ky., 267 S.W.2d 936.

■ We are of the opinion that the acts of the parties with respect to payment and acceptance of the $1,500 rental convincingly establish defendant's contention.

■ The trial court found as a fact plaintiff agreed to rent the machinery and equipment to defendant at a reasonable rental figure. We conceive this finding to be clearly erroneous because there was no proof to support it. The parties each testified that the agreement fixed a specific rental amount and the primary issue in the case was what amount that was. The judgment based upon the court's erroneous finding must be reversed.

■ We are confronted with the problem of whether we should remand the case for a finding on the issue of the specific rental amount agreed upon or whether we should determine that fact on the record before us. The case was tried entirely on depositions. While CR 52.01 requires that due regard be given the opportunity of the trial court to judge the credibility of the witnesses, the form of the evidence is significant. See Orvis v. Higgins, 2 Cir., 180 F.2d 537. In this case we have unimpeached written evidence (i.e., the checks) and the trial court did not have an opportunity to observe the demeanor of the witnesses who gave oral testimony. Under the circumstances, we believe we are in as advantageous a position to pass upon credibility as was the trial court and may properly evaluate the evidence. Seagrave Corp. v. Mount, 6 Cir., 212 F.2d 389. As above stated, it is our conclusion that the defendant clearly proved his version of the contract.

We would deem a contrary finding by the trial court to be clearly erroneous under CR 52.01. Therefore it would be an unnecessary and burdensome act to remand the case for further hearing and determination.

The judgment is reversed with directions to enter a judgment for the defendant.