**Kathy Boyd LARGENT, Movant,**

v.

**Glenn Howard LARGENT, Respondent.**

Supreme Court of Kentucky.

Dec. 28, 1982.

Eric Tohtz, Western Kentucky Legal Services, Paducah, for movant.

Richard H. Lewis, Benton, for respondent.

AKER, Justice.

Glenn Howard Largent, the appellee herein, brought this action for modification of the agreed custody provisions of a decree of dissolution of marriage between himself and Kathy Boyd Largent, the appellant herein. The trial court modified the custody provisions solely upon proof by deposition. The decision of the trial court was appealed and initially reversed by the Court of Appeals. However, upon rehearing, the Court of Appeals affirmed the decree of the trial court. We granted discretionary review and now affirm the decision of the Court of Appeals.

Glenn and Kathy Largent were married in December of 1974. Almost from the outset, the marriage was troubled, and the couple eventually sought counseling for their marital difficulties. While Kathy was pregnant with their daughter (whose custody is at issue), the couple briefly separated, though they were later to reconcile. The record indicates that while carrying the child, Kathy admitted herself to a psychiatric hospital. The child was born sometime after her release. Following the birth of their daughter, the Largents lived with Glenn's parents, eventually to reside in a mobile home on the parent's property for approximately one year.

In March of 1978, Kathy left Glenn, taking the baby with her. For several months, Kathy and her daughter lived with relatives, until finally finding an apartment of their own. Kathy has since moved to an apartment in her mother's home.

Kathy filed a petition for dissolution of marriage in June of 1978. An agreement as to property, custody and support was executed by both parties and incorporated by reference into the decree of dissolution entered on December 1, 1978.

Some months later, Glenn filed a motion to modify the custody decree, pursuant to KRS 403.340. Glenn alleged the child's environment seriously endangered her physical, mental, moral and emotional health, and that the possible harm which might result from a change in custody would be

outweighed by the advantages. Affidavits of Kathy's former neighbors were attached to the motion.

The affidavits described instances when the child would wander, alone, to the neighbor's homes, and related other occasions when the little girl would not be adequately clothed, for example, not wearing shoes or a coat during the winter. In addition, the affiants stated that at times the child would appear drowsy, as if drugged or sedated. Indeed, on two occasions the child ingested her mother's medication, though on both occasions Kathy apparently responded promptly. The neighbors also described an incident involving a party at Kathy's apartment, which drew complaints from the neighborhood and ultimately resulted in Kathy being asked to move. Finally, the affiants told of numerous occasions when various men would visit Kathy at her apartment, visits which apparently lasted overnight.

The trial court ordered an investigation by the Department of Human Resources. Following the investigation, the social worker assigned to the case concluded, "due to the age of the child, and the bond between the mother and child," that Kathy, the mother, should retain custody.

Nonetheless, the trial court ordered custody of the Largent's daughter be changed from mother to father. The trial court determined that when all the evidence was considered, the best interests of the child, "as required by KRS 403.270," would be served by modifying the original decree so as to give custody to the father, Glenn Largent. Upon request for further findings of fact and conclusions of law, the court found:

> ... that the evidence shows that the mother has on numerous occasions failed to provide proper supervision for the child, thereby permitting the child to absent herself from the mother's home and to homes of neighbors under circumstances which were dangerous to the well-being of the child; in the failure of the mother to properly clothe the child during periods of cold or inclement weather; upon the over sedation of the child, either

through the intentional administering of medicines to the child by the mother or permitting the child to obtain such medication, thereby further endangering the health and well-being of the child; and by the admitted conduct of the mother in cohabiting for various periods of time with male companions in the home where she and the child were then residing and at a time when the child was physically present in said home.

The decree of the trial court was then appealed to the Court of Appeals. In its first opinion, the Court of Appeals reversed the trial court's change of custody, based upon an independent evaluation of the evidence, concluding the evidence did not support a change in custody. This independent evaluation of the evidence was the result of the court's view that CR 52.01, which mandates that the judgment of a trial court shall not be disturbed unless "clearly erroneous," does not apply where, as in this case, the evidence considered by the trial court was entirely by deposition and there was no opportunity for the trial court to observe the witnesses. In determining that CR 52.01 did not apply, the Court of Appeals relied on *Burchett v. Jones,* Ky., 291 S.W.2d 32 (1956); *Bush v. Putty,* Ky.App., 566 S.W.2d 819 (1978); and *Stafford v. Stafford,* Ky.App., 618 S.W.2d 578 (1981).

In its opinion upon rehearing, the Court of Appeals changed its position, and confirmed the traditional rule that the judgment of the trial court must remain undisturbed unless clearly erroneous. Thus with CR 52.01 determinative of its scope of review, the Court of Appeals found the trial court's action not clearly erroneous, and therefore affirmed the change in custody.

The question presented by this case is whether the scope of review for a case tried solely by deposition is determined by CR 52.01, thus applying the "clearly erroneous" standard, or whether the reviewing court may make its own independent evaluation of the evidence.

Before addressing this issue, two points need to be made. First, there was conflicting evidence in the record, and of this conflicting evidence the trial court chose to

believe the father. Secondly, the trial court incorrectly cited KRS 403.270 as controlling. The correct governing statute is KRS 403.-340. Nonetheless, the trial court made the necessary findings as required by KRS 403.-340—finding that the child's present environment endangered her physical, mental, moral or emotional health.

Thus we are left with the question of whether the "clearly erroneous" standard of CR 52.01 applies to cases tried solely by deposition. We hold that it does. The trial court is the finder of fact, whether the case is tried by deposition or by personal attendance, and the judgment of the trial court may not be reversed unless the findings are clearly erroneous. CR 52.01.

The apparent confusion regarding the proper scope of review in cases such as this is the result of what now appears to have been unfortunate language in the opinion in *Burchett v. Jones, supra.*

In *Burchett v. Jones, supra,* the issue was the specific amount of monthly rental due on an oral contract. All of the evidence presented at trial was by deposition. The trial court found that a "reasonable rental value" had been agreed upon, however, this finding was unsupported by *any* evidence. The former Court of Appeals held the trial court's finding to be not supported by the evidence, and thus "clearly erroneous."

Only after deciding the trial court's finding was "clearly erroneous" did the court in *Burchett* discuss CR 52.01 and the fact that all the evidence in the case was by deposition. Instead of remanding the case to the trial court for additional findings when the evidence would admit of but one finding, the appellate court decided to make the sole permissible finding for the trial court and directed entry of judgment accordingly. Whatever the wisdom of the language in *Burchett,* the decision does not amount to a holding that where a case is tried solely by deposition CR 52.01 does not apply.

CR 52.01 does apply, regardless of how the evidence is presented at trial. To the extent *Bush v. Putty, supra,* and *Stafford v. Stafford* hold otherwise, they are in error.

Because the evidence in this case was conflicting, the trial court's change in custody cannot be considered clearly erroneous.

Therefore, the decision of the Court of Appeals and the order of the Marshall Circuit Court are affirmed.

All concur except CLAYTON, J., who is not sitting.