CABINET FOR HUMAN RESOURCES, Appellant,

v.

Hon. Thomas McDONALD, Judge, Jefferson District Court Juvenile Session; Jefferson County; and R.N. (A Child), Appellees.

No. 88–CA–19–S.

Court of Appeals of Kentucky.

Nov. 11, 1988.

Discretionary Review Denied by Supreme Court March 29, 1989.

Trisha Zeller James, Cabinet for Human Resources, Office of the Counsel, Frankfort, for Cabinet for Human Resources.

Thomas E. McDonald, III, Jefferson Dist. Court, Hall of Justice, Louisville, for appellee Judge McDonald.

J. Matthew Carey, Asst. Co. Atty., Louisville, for appellees Jefferson County and R.N.

Before CLAYTON and WEST, JJ., and DUNN, Special Judge.

DUNN, Special Judge.

This appeal is from an order of the Jefferson Circuit Court denying appellant Cabinet for Human Resources' petition for a Writ of Prohibition against the appellee, Jefferson District Court Juvenile Judge Thomas McDonald. Specifically, the Cabinet sought to prohibit the Juvenile Judge from ordering it to produce for a hearing all records and documents underlying a final investigative report regarding the psychiatric hospitalization of a juvenile committed to its care and custody. The principal issue on appeal is whether the circuit court clearly erred in denying its petition on the basis that the Cabinet had failed to demonstrate that it would suffer irreparable harm if it complied with the order of the district court to produce the documents in question. We affirm.

In its order denying the cabinet's petition, the Jefferson Circuit Court substantially set forth the underlying facts with which we are concerned as follows:

This controversy arises out of hearings conducted by Judge McDonald sitting as Juvenile Court Judge for Dependency matters. The hearings concerned R.N., a ten year old juvenile, committed to CHR due to neglect and dependency and, who had been placed in Children's Treatment Services ("CTS"), an inpatient psychiatric hospital, for nearly two and one-half months. Following these hearings, the Respondent issued Findings of Facts and Conclusions of Law on August 24, 1987. That order was appealed by the Petitioner and is not the subject of this order. . . .

Following a motion by the County Attorney, the Respondent also ordered the Cabinet to produce any and all records that "relate to or touch upon the in-house investigation of the actions of the Cabinet for Human Resources in this matter ... within ten (10) days from the date of this order." The Cabinet voluntarily provided the Juvenile Court with a copy of its in-house investigation but resisted providing the underlying documents and notes from which the report was prepared.

The specific order issued by the appellee Juvenile Court Judge was as follows:

    .        .        .        .        .

3. That the Cabinet for Human Resources shall produce to the Court and counsel any and all writings and written records of every type or description, whether handwritten or typed, printed or otherwise visually produced or reproduced or reproduced for audio replay, including, without limitation, correspondence, memoranda, stenographical or hand written notes, inter-office communications, notes, logs or reports, which in any manner relate to or touch upon the in-house investigation of the actions of the Cabinet for Human Resources in this matter as testified to by Commissioner Anna Grace Day on August 7, 1987. Said production shall be made within ten (10) days from the date of this Order.

■ The district court's authority to review one of its juvenile dispositional orders is set forth in KRS 610.010(10) as follows:

(10) Nothing in this chapter shall confer upon the district court jurisdiction over the actions of the cabinet in the placement, care, or treatment of a child committed to the cabinet; or to require the cabinet to perform or to refrain from performing, any specific act in the placement, care or treatment of any child committed to the cabinet, *provided the district court shall have jurisdiction to review a dispositional order* as provided in KRS Chapters 620, 630, 635 and 645 and to make order pursuant to KRS 635.-090. (Emphasis added.)

In a similar vein, KRS 610.120(2) specifically empowers the district court to order the appellant to provide specific information in any review of a child's case in providing in pertinent part:

... Upon review of the child's case, the Cabinet, any agency, institution or individual responsible for the supervision, care or treatment of the child, shall divulge and communicate such information regarding the child *as the court may require.* (Emphasis added.)

Obviously, the intent of this provision in giving the district court the ability to review any information it may require regarding one of its orders is to safeguard the interests of the child, considering its welfare as being too precious a commodity to jeopardize by an incomplete or inadequate judicial review. Patently the appellee Jefferson District Court Juvenile Judge in utilizing it was not acting outside of the juvenile court's jurisdictional authority in ordering the Cabinet to produce the documents in question.

Nonetheless, we are still confronted with the issue on appeal as to whether the Cabinet, if it complied with the order, would suffer irreparable harm without an adequate remedy at law if the juvenile court order in question was in fact erroneous although jurisdictionally proper.

A Writ of Prohibition is an extraordinary remedy and will not be granted unless the juvenile court acted without jurisdiction or erroneously within its jurisdiction, in which event it will be granted only upon a showing of irreparable injury for which no adequate remedy at law by appeal or otherwise is available. If such irreparable harm can be demonstrated clearly, a writ of prohibition would be appropriate. *Shumaker v. Paxton,* Ky., 613 S.W.2d 130 (1981).

■ After carefully reviewing the record at our disposal and the various authorities provided by the appellant Cabinet and by the appellee District Court Juvenile Judge and after winnowing the underlying issues and the cited authorities to those that are dispositive of the issue before us and which are recited herein, we hold the Cabinet has an adequate remedy at law by appeal. Fur-

ther we agree with the Jefferson Circuit Court's statement at page 5 of its order in denying the Cabinet's petition determining that the Cabinet had failed to demonstrate that the juvenile court acted erroneously within its jurisdiction and that, even if it had acted erroneously, it had not demonstrated that it would, in fact, suffer irreparable harm if the district court's order was complied with, to wit:

.    .    .    .    .

The underlying purpose of the self-critical analysis privilege is to insure the free flow of information within the agency. In other words, if people within the agency are fearful their communications will be disclosed or their identity made public, they will not be willing to divulge the information necessary to correct internal agency problems prospectively.

In this instance if CHR was entitled to rely on either an "executive privilege" or "self critical analysis privilege", it has waived them. The Cabinet has already provided the court below with its in-house report. The identity of the people interviewed and their comments have already been disclosed. If their future willingness to cooperate was dependent upon anonymity, that has already been lost. Whether the district judge is acting erroneously, or not, in requiring production of the underlying documents in this particular case, there can be no irreparable harm to CHR because they have waived their privilege, if they do indeed have one.

The Jefferson Circuit Court did not err in refusing to grant the Cabinet's petition. On the contrary, the circuit court's order is fully supported by the factual record and the law and we may not disturb it. CR 52.01; *Largent v. Largent*, Ky., 643 S.W. 2d 261 (1982).

The order of the Jefferson Circuit Court denying appellant Cabinet for Human Resources' petition for writ of prohibition is AFFIRMED.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil pro-

cedure for further appellate steps, is reinstated effective the date of this opinion.

All concur.