**Rosa Lea SLONE, Appellant**

v.

**Michael CALHOUN and Jerry Allen Sumner, Appellees.**

**No. 2011–CA–000571–MR.**

Court of Appeals of Kentucky.

Nov. 30, 2012.

James Bates, Hindman, KY, for appellant.

Michael Calhoun, Hindman, KY, pro se.

Jerry Sumner, Hindman, KY, pro se.

Before COMBS, NICKELL, and TAYLOR, Judges.

## OPINION

TAYLOR, Judge:

Rosa Lea Slone brings this appeal from a March 10, 2011, judgment of the Knott Circuit Court, dismissing her complaint for damages under a land contract. For the reasons stated, we reverse.

In August 2005, Slone entered into a land contract with Michael Calhoun for the purchase of a lot and a mobile home. Under the agreement, Slone was to pay $313 per month, as well as the taxes and insurance for the property. Slone claims that in January 2009, without her knowledge or approval, Calhoun executed a land contract with Jerry Sumner for the same lot and mobile home. In May 2009, Slone informed Calhoun that she was unable to continue making the monthly payment and moved from the property. In November 2009, Slone filed a lawsuit against Calhoun and Sumner seeking damages for breach of contract. She alleged that Calhoun and Sumner had forced her to move out. However, sometime between May and November, Calhoun and Sumner discovered that their land contract erroneously described its subject matter as the property that was contained in Slone's contract. Upon finding the error, they executed a corrected contract for other real property adjacent to Slone's lot.

The Knott Circuit Court conducted a bench trial on March 7, 2011. Slone, Calhoun, Sumner, Sumner's wife, and attorney Bobby Williams, who drafted the land

agreements for Calhoun, testified. The trial court found that the 2009 Calhoun/Sumner land agreement actually pertained to land behind or adjacent to Slone's lot. The trial court further found that Slone had voluntarily terminated her 2005 land contract with Calhoun by vacating the premises in May of 2009. Under the land contract forfeiture provisions, the trial court ruled that Slone forfeited her interest in the property, including any payments made during the terms of the land contract. This appeal follows.

### STANDARD OF REVIEW

As noted, the trial court conducted a bench trial in this action. Accordingly, our review is based upon the clearly erroneous standard set forth in Kentucky Rules of Civil Procedure (CR) 52.01. CR 52.01 states that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." A reversible error arises when there is no substantial evidence in the record to support the findings of the trial court. *M.P.S. v. Cabinet for Human Resources*, 979 S.W.2d 114 (Ky.App.1998). Of course, we review issues of law *de novo. Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51 (Ky.2011).

### LEGAL ANALYSIS

Upon conducting a bench trial in this action, the trial court held as a matter of law that the parties had entered into a land contract in August of 2005 for the purchase of a lot and trailer thereon. The trial court further found that during the term of this land contract, Slone was to make monthly payments thereon until the entire purchase price was paid in full, whereupon the deed would be delivered.

As a matter of law, the trial court has concluded that an installment land sale contract was entered into between the parties or what is commonly referred to as a contract and bond for deed. The trial court went on to conclude that the forfeiture provision in the land contract precluded any claims by Slone and thus dismissed the case.

Based upon the trial court's legal ruling that the parties had entered into an installment land contract, this case is controlled exclusively by *Sebastian v. Floyd*, 585 S.W.2d 381 (Ky.1979) and its progeny.[1] In *Sebastian*, the Kentucky Supreme Court held that the forfeiture provision in an installment land sale contract that provided for the forfeiture of the buyers' payments upon the buyers' default was invalid and otherwise not enforceable in Kentucky. *Id.* The Supreme Court noted that there was no practical distinction between a land sale contract and a purchase money mortgage. The Court made the following observation regarding this issue:

> There is no practical distinction between the land sale contract and a purchase money mortgage, in which the seller conveys legal title to the buyer but retains a lien on the property to secure payment. The significant feature of each device is the seller's financing the buyer's purchase of the property, using the property as collateral for the loan.

> Where the purchaser of property has given a mortgage and subsequently defaults on his payments, his entire interest in the property is not forfeited. The mortgagor has the right to redeem the property by paying the full debt plus interest and expenses incurred by the creditor due to default. In order to cut off the mortgagor's right to redeem, the

---

1. Our legal analysis would be different had the agreement between the parties been adjudged a lease or rental agreement.

mortgagee must request a court to sell the property at public auction. *See* Lewis, Reeves, How the Doctrine of Equitable Conversion Affects Land Sale Contract Forfeitures, 3 Real Estate Law Journal 249, 253 (1974). *See also* KRS 426.005, 426.525. From the proceeds of the sale, the mortgagee recovers the amount owed him on the mortgage, as well as the expenses of bringing suit; the mortgagor is entitled to the balance, if any.

*Sebastian*, 585 S.W.2d at 383.

The Supreme Court in *Sebastian* also made the following observation regarding the legal status of this type of land contract:

> When a typical installment land contract is used as the means of financing the purchase of property, legal title to the property remains in the seller until the buyer has paid the entire contract price or some agreed-upon portion thereof, at which time the seller tenders a deed to the buyer. However, equitable title passes to the buyer when the contract is entered. The seller holds nothing but the bare legal title, as security for the payment of the purchase price.

*Sebastian*, 585 S.W.2d at 382 (citation omitted).

■ Although neither party cited *Sebastian* as authority to this Court in this appeal, it nonetheless is controlling as concerns the legal issues raised in this case.[2] Our Courts have a duty to address issues not properly raised when the facts reveal a fundamental basis for a decision not presented by the parties to avoid a misleading application of the law. *Mitchell v. Hadl,* 816 S.W.2d 183 (Ky.1991). The trial court erred as a matter of law in forfeiting Slone's interest in this property. Not only

does Slone have an equitable ownership interest in the property to the extent of the monthly payments that were made thereon over a period of approximately four years, Slone also has redemption rights in the property under applicable Kentucky law. Kentucky Revised Statutes 426.530.

■ We are cognizant of the fact that Slone has failed to raise the *Sebastian* issue in her prehearing statement. CR 76.03(8) limits a party on appeal to only argue issues set out in their prehearing statement, except that when good cause is shown upon timely motion, the court may then permit additional issues to be submitted. This Court has applied CR 76.03(8) in the past to bar an appellant's arguments for reversal that were not raised in a prehearing statement or timely motion. *Sallee v. Sallee,* 142 S.W.3d 697 (Ky.App. 2004). However, CR 61.02 permits this court to correct palpable errors which affect the substantial rights of a party, notwithstanding that the issue may have been insufficiently raised or preserved for review, if the court determines that manifest injustice has resulted from the error. We believe the failure of the trial court to apply the proper law in this case regarding installment land contracts, which is the subject matter of this case, has resulted in a manifest injustice to Slone. This warrants our review and application of *Sebastian* and its progeny as previously discussed.

■ As required by the Kentucky Supreme Court in *Sebastian,* the only judicial remedy to resolve the alleged breach of the land contract between the parties is a judicial sale of the property. *See Sebastian,* 585 S.W.2d 381. The forfeiture provisions set forth in the agreement are invalid as a matter of law and are otherwise

---

**2.** We also note that while Michael Calhoun filed a counterclaim asserting alleged damages to the property by Rosa Lea Slone, Calhoun did not seek a judicial sale as required by *Sebastian v. Floyd,* 585 S.W.2d 381 (Ky. 1979).

not enforceable. Regardless of who defaulted under the terms of the land contract, which is an issue we do not reach, the only recourse for the parties in this case is to seek a judicial sale, which will result in a judgment that will quiet title as well as determine the parties' respective rights to the proceeds therefrom.

For the foregoing reasons, the judgment in the Knott Circuit Court is reversed for further proceedings consistent with *Sebastian v. Floyd,* 585 S.W.2d 381.

NICKELL, Judge, Concurs.

COMBS, Judge, Dissents and Files Separate Opinion.

COMBS, Judge, Dissenting.

I file this dissent because this case is highly distinguishable from *Sebastian.* Unlike the situation in *Sebastian,* the case before us invokes *abandonment* of the contested property and a *voluntary termination* of the underlying contract.

Because I believe that Judge Childers properly applied the applicable law, I would affirm.