RENDERED: MAY 26, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0792-MR

REMINISCENT HERB FARM,
NURSERY & LANDSCAPING, INC.                                    APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.          HONORABLE JAMES R. SCHRAND, II, JUDGE
ACTION NO. 20-CI-00888


ALAN SCHIRTZINGER                                              APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: EASTON, LAMBERT, AND McNEILL, JUDGES.

EASTON, JUDGE: Reminiscent Herb Farm, Nursery & Landscaping, Inc.

("RHF"), appeals the Judgment of the Boone Circuit Court entered after a bench

trial on a claim for breach of a warranty in the building of stone retaining walls.

Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Alan Schirtzinger ("Schirtzinger") hired RHF to build two tiered stone retaining walls on his property. RHF did so at a cost of just over $15,000. The only written documentation of the contract is by invoice. There was no written warranty statement. The parties offered opposing testimony on whether RHF gave an oral warranty.

In 2007, Schirtzinger noticed bowing of the lower wall and asked RHF to return to repair the wall. RHF made the requested repairs. The invoice for the later repairs recognizes a warranty, providing a discount for the work performed.

Over ten years after this repair work the lower wall failed with a partial collapse. The higher wall also showed signs of its eventual failure. When RHF did not respond to requests to repair or replace the walls, Schirtzinger retained an engineer to assess the cause of the failure and hired another builder to remove the existing structures and replace them. With some reduction for work not directly pertaining to the walls, the cost of the new walls was over $64,000.

The circuit court conducted a bench trial on May 3, 2022. Considering the evidence at this trial, the circuit court found RHF had provided a warranty and breached that warranty. The circuit court awarded damages of

$20,233.33.  RHF filed this appeal.  RHF challenges the findings of the circuit court as to the warranty and argues the award of damages was speculative.

## STANDARD OF REVIEW

Our review is constrained by CR 52.01.  The circuit court's findings of fact may be set aside only if clearly erroneous.  The same rule recognizes the opportunity of the trial judge to assess the credibility of witnesses in making findings of fact.  Reversal occurs only when the record contains no substantial evidence to support the findings.  *Slone v. Calhoun*, 386 S.W.3d 745, 747 (Ky. App. 2012).  We review questions of law *de novo*.  *Id*.

## ANALYSIS

The circuit court made two disputed findings of fact.  The first was that a warranty existed.  Based upon the facts about the failure of the walls, the circuit court concluded RHF breached that warranty.  The second factual contention is the amount of damages awarded.

As to the existence of the warranty, Schirtzinger testified that Dick Jansen ("Jansen"), a representative of RHF, stated a lifetime warranty except for the grass seeded as part of the project.  Jansen explained to Schirtzinger customers rarely water new grass appropriately, and that is why no warranty is provided for it.  This is a rather specific memory of the conversation.  In contrast, Jansen

testified that he did not state any warranty "to the best of my recollection." Jansen admitted that recent health issues may have impacted his memory.

Subsequent interaction between the parties included recognition of the warranty. When the lower wall needed repair in 2007, RHF repaired it. On the invoice for this work, RHF provided a "credit for warranty work." The effect of the credit was a one-third reduction in the repair costs.

When we examine the evidence, we see the circuit court agreed with Schirtzinger about the oral warranty stated and found the warranty existed. The details of the warranty, such as what it provided with respect to damages in case of breach were not stated, but here the circuit court relied upon the course of dealing between these parties. The 2007 warranty work confirmed the existence of the warranty and provided proof of its terms. The circuit court properly relied upon this course of dealing in these circumstances. *See Giem v. Searles*, 470 S.W.2d 327 (Ky. 1971).

The parties argued about the cause of the wall failure. Jansen said he recommended Schirtzinger get an engineer to address the wall construction before the original walls were erected. The walls were near a swimming pool and would have to retain steep earthen embankments. According to Jansen, Schirtzinger rejected the substantial extra cost of an engineer and decided to build the walls, understanding they would not last.

Jansen could provide no documentation of contact with an engineer. Jansen explained he had built between 500 and 600 walls. He had requested engineer involvement in only fifteen to twenty of his projects. Schirtzinger testified there was no discussion about an engineer. Regardless, RHF still accepted the work and built the walls.

Testimony from the builder of the replacement walls indicated the walls built by RHF were faulty. They did not contain any mechanism to secure them to the retained dirt. Drainage was not sufficiently diverted to avoid damage to the walls. On the other hand, RHF insisted Schirtzinger caused some of the damage by how he trimmed grass and weeds near the base of the walls, exposing the foundation.

RHF questioned the damages claimed. Some work in the replacement estimate was not directly related to the walls. For example, there was a provision about some work near the pool. On the other hand, RHF conceded a nearby separate concrete structure could have been damaged to access and perform the necessary work. This could be a legitimate part of the claim.

Schirtzinger documented the repair and replacement work at a total of $64,600. The circuit court reduced this amount to eliminate unrelated work. The reduction also may have acknowledged any part Schirtzinger may have played by his maintenance of the wall. The circuit court then applied the course of dealing of

the parties as to the terms of the warranty. A one third credit applied to the reduced amount of $60,700 resulted in the damages awarded of $20,233.33.

This decision does not evidence speculation. It is rather a proper application of the evidence to make a finding of fact based upon that evidence. The circuit court committed no error in the calculation of damages. The damages are supported by the evidence in the record. The amount awarded is within the permissible amounts claimed and proven.

We note the argument by RHF of a "windfall." RHF argues Schirtzinger received the benefit of a wall for seventeen years. Schirtzinger then receives damages in an amount greater than the original cost of the walls built by RHF. This argument ignores the reality of inflation in building costs over the last twenty years. The parties presented evidence about the costs in 2001 and the costs in 2018.

In hindsight, RHF may have chosen to insist on engineered plans before building these walls. But instead RHF went forward with this project. As found by the circuit court, RHF provided a lifetime warranty. The walls failed. Based upon the course of dealing between these parties, the circuit court awarded proper damages.

CONCLUSION

The findings of fact of the circuit court are not clearly erroneous. The circuit court committed no error of law. The Judgment of the Boone Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Todd VanDerVeer McMurtry
Steven H. Taylor
Fort Mitchell, Kentucky

BRIEF FOR APPELLEE:

C. Ed Massey
Erlanger, Kentucky